### NEW YORK TIMES CO. v. STAR CO.

(Circuit Court, S. D. New York. April 5, 1912.)

1. COPYRIGHTS (§ 2*)—STATUTORY PROVISIONS—POWERS OF CONGRESS.

The subject of statutory copyright is wholly within the powers of Congress, and it may restrict in any way the maintenance of actions or proceedings in the courts for infringement of copyright.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 1; Dec. Dig. § 2.*]

2. COPYRIGHTS (§ 74*)—INFRINGEMENT—JURISDICTION—INJUNCTION.

Under Act Cong. March 4, 1909, c. 320, § 12, 35 Stat. 1078 (U. S. Comp. St. Supp. 1909, p. 1293), providing for copyright, and declaring that no "action or proceeding shall be maintained for infringement of copyright" until the provisions with respect to the deposit of copies and registration of the work has been complied with, and that actions or proceedings shall be cognizable by enumerated courts, and that civil actions may be instituted in the district of which defendant is an inhabitant, etc., an injunction enjoining the publication of an alleged copyright work, issued in a suit in equity and served before two copies of the work have been deposited in the copyright office or mailed, addressed to the register

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes·

of copyrights, is void because of want of jurisdiction of the suit; the quoted phrase including a suit in equity.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 65; Dec. Dig. § 74.*]

In Equity. Application by the New York Times Company to punish the Star Company for contempt for violation of an injunction. Denied.

Leventritt, Cook & Nathan, for complainant.
Clarence J. Shearn, for defendant.

LACOMBE, Circuit Judge. This proceeding grew out of the transactions referred to in the decision on motion for preliminary injunction. The order to show cause included a restraining order, or temporary injunction, and it is charged by complainant that defendant published an account of Amundsen's journey to the South Pole which was a colorable copy of its copyrighted narrative. Many points have been argued, but it will not be necessary to discuss them all.

The bill was verified March 8th. It stated that complainant "is about to file two complete copies of the best edition when published." The order to show cause and restraining order were signed March 8th, and were served on some one in the office of the defendant about midnight on the same day. Very early in the morning of March 9th, the publication of complainant's copyrighted narrative and of defendant's paraphrase thereof appeared in their respective newspapers. The two copies of the copyrighted work were filed in the office of the register of copyrights, Washington, D. C., on March 9th, on or after the opening of that office on that day. On these facts the question arises: Was complainant entitled to maintain an action such as this, when the order was served, at midnight on March 8th?

The action is based upon the statute, and the answer to this question must be found in its provisions. Section 9 of the act of March 4, 1909 (35 Stat. 1077, c. 320 [U. S. Comp. St. Supp. 1909, p. 1292]), provides:

"That any person entitled thereto by this act may secure copyright for his work by publication thereof with the notice of copyright required by this act," etc.

The bill shows that such a publication had been made before it was verified. Complainant thereby had then secured its copyright. Ownership of copyright and the vindication of such ownership by suit are different things. The latter is provided for in section 12, which reads:

"That after copyright has been secured by publication of the work with the notice of copyright as provided in section 9 of this act, there shall be promptly deposited in the copyright office or in the mail addressed to the register of copyrights, Washington, District of Columbia, two complete copies of the best edition thereof then published. * * * No action or proceeding shall be maintained for infringement of copyright in any work until the provisions of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

this act with respect to the deposit of copies and registration of such work shall have been complied with."

[1, 2] The subject of statutory copyright being one wholly within the powers of Congress, it had full power to restrict in any way it chose the maintaining of such actions or proceedings in the courts as are concerned with the subject of infringement of the rights secured by such statute. A prohibition so broad as this goes to the jurisdiction of the courts to entertain such action or' proceedings, and if the prohibition were operative when the injunction was served, the latter would be void, because made in an action which could not be maintained, and of which, therefore, the court could not have jurisdiction.

The papers submitted indicate that at midnight of March 8th, when the injunction was served, the two copies had not yet been "deposited in the copyright office or in the mail addressed to the register of copyrights." At that time, therefore, this action or proceeding could not be maintained, and the injunction, being issued in an action whose maintenance was prohibited, would be of no binding force.

Complainant refers to sections 34, 35, and 36, which read as follows:

"Sec. 34. That all actions, suits, or proceedings arising under the copyright laws of the United States shall be originally cognizable by the Circuit Courts of the United States, the District Court of any territory, the Supreme Court of the District of Columbia, the District Courts of Alaska, Hawaii, and Porto Rico, and the courts of first instance of the Philippine Islands.

"Sec. 35. That civil actions, suits, or proceedings arising under this act may be instituted in the district of which the defendant or his agent is an inhabitant, or in which he may be found.

"Sec. 36. That any such court or judge thereof shall have power, upon bill in equity filed by any party aggrieved, to grant injunctions to prevent and restrain the violation of any right secured by said laws, according to the course and principles of courts of equity, on such terms as said court or judge may deem reasonable. Any injunction that may be granted restraining and enjoining the doing of anything forbidden by this act be served on the parties against whom such injunction may be granted anywhere in the United States and shall be operative through United States, to be enforceable by proceedings in contempt or otherwise by any other court or judge possessing jurisdiction of the defendants."

It does not seem that this last-quoted section in any way qualifies the prohibition of the twelfth section. The court or judge is given express authority to grant an injunction to prevent the violation of a copyright which has been secured by the party aggrieved. This injunction may be granted upon a bill of equity; that is, in an equity suit. But such an equity suit is covered by the phrase "action or proceeding for the infringement of copyright," and there is no apparent reason for construing the act so as to exempt such suits from the operation of the prohibition of section 12. No hardship to the owner of copyright results from the construction here followed. At the time the person entitled to copyright publishes his work with the notice required, presumably he has copies of it in his possession and could at once deposit in the mail the two copies required, addressed as the statute prescribes. That act on his part would seem to be a compliance with section 12, sufficient to entitle him to maintain his

action or proceeding. But, until he does this, the prohibition of that section is imperative.

Without considering the other questions presented, the application is denied.