### NEW YORK TIMES CO. v. SUN PRINTING & PUBLISHING ASS'N.

(Circuit Court of Appeals, Second Circuit. April 14, 1913.)

No. 176.

COPYRIGHTS (§ 74*)—ESTABLISHMENT—FILING COPIES—INFRINGEMENT—SUIT— CONDITION PRECEDENT—"MAINTAIN."

Act March 4, 1909, c. 320, 35 Stat. 1075 (U. S. Comp. St. Supp. 1911, p. 1472), providing that. no action or proceeding shall be maintained for infringement of a copyright of any book until two complete copies have been deposited in the Copyright Office, or in the mails, addressed to the Registrar of Copyrights, is not limited to an action or proceeding for infringement, but applies as well to a suit in equity for an injunction to prevent the infringement or violation of complainant's copyright, and for an accounting, precluding the lawful commencement of a suit for that purpose prior to deposit of copies; the word "maintain" including the commencement of such suit.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 65; Dec. Dig. § 74.*

For other definitions, see Words and Phrases, vol. 5, pp. 4277–4281; vol. 8, p. 7712.]

Appeal from the District Court of the United States for the Southern District of New York; Julius M. Mayer, Judge.

Suit by the New York Times Company against the Sun Printing & Publishing Association. From a decree dismissing the amended bill on demurrer, complainant appeals. Affirmed.

Leventritt, Cook & Nathan, of New York City (Alfred A. Cook, Max J. Kohler, and Franklin H. Mills, all of New York City, of counsel), for appellant.

James M. Beck and Charles K. Carpenter, both of New York City, for appellee.

Before COXE, WARD, and NOYES, Circuit Judges.

COXE, Circuit Judge. The principal question presented by this appeal is as follows: Can an action for the infringement of a copy-

right of a book be maintained, unless it be alleged and proved that prior to the commencement of the action two complete copies of the best edition thereof were deposited in the Copyright Office or in the mail addressed to the Registrar of Copyrights at Washington, as provided by section 12 of the Copyright Law? The relevant portions of section 12 of the law are as follows:

"That after copyright has been secured by publication of the work with the notice of copyright as provided in section 9 of this act, there shall be promptly deposited in the Copyright Office or in the mail addressed to the Register of Copyrights, Washington, 'District of Columbia, two complete copies of the best edition thereof then published. * * * No action or proceeding shall be maintained for infringement of copyright in any work until the provisions of this act with respect to the deposit of copies and registration of such work shall have been complied with." Act March 4, 1909, c. 320, 35 Stat. 1078 (U. S. Comp. St. Supp. 1911, p. 1476).

The last paragraph would seem to be a plain prohibition against the maintenance of an action or proceeding for infringement until the copies are deposited in the Copyright Office or in the mail. If an equity action for an injunction and an accounting be not such an action as the statute contemplates, it is difficult to perceive what the lawmakers had in mind. Manifestly the statute refers to precisely such an action as this, otherwise the language is meaningless. We are not concerned here with the wisdom or necessity of the provision. Congress was conferring a special privilege upon authors and could limit that privilege in any manner it saw fit. In order to secure a valid copyright or a valid patent, it is necessary to comply with every requirement of the law and a discussion of the wisdom or unwisdom of such requirements is wholly irrelevant. If a change in the law be needed, recourse should be had to the legislative and not to the judicial branch of the government. It is unnecessary to consider the status of the complainant's alleged copyright for other purposes than those involved in this action. The question here is, Can an equity suit for an injunction and an accounting be maintained thereon?

It is contended that as soon as the copyright was secured and before the copies were mailed, as required by law, the complainant acquired a right which was entitled to the protection of a court of equity. Such a construction wholly ignores the provision for mailing. It may never be complied with, and still, if the complainant's contention be correct, an equity suit may be commenced, an injunction issued and an accounting had. How can a court of equity protect an inchoate or incomplete right by a suit which the law says cannot be maintained? We are unable to assent to the proposition that this is not an action for infringement of a copyright, but rather, as complainant contends "a suit in equity by a party aggrieved, for an injunction to prevent and restrain the violation of the complainant's copyright secured by the copyright law." But this statement of the action is merely a change in nomenclature. There can be no doubt as to the character of the action. As before stated, not one of the criteria which determine an action for infringement is omitted.

A distinction is also sought to be drawn between "maintained" and

"begun"; the contention being that a suit may be begun before the copies are deposited in the mail. In other words, an action may be commenced which cannot be maintained. Not only so, but an injunction may issue restraining the defendant from publishing alleged infringing matter, in an action which cannot be maintained. We are unable to assent to this construction. That the prohibition against maintaining a suit includes the commencement thereof was decided in Neuchatel Co. v. Mayor, 155 N. Y. 373, 49 N. E. 1043; Thompson v. Hubbard, 131 U. S. 123, 150, 151, 9 Sup. Ct. 710, 33 L. Ed. 76; Mahar v. Harrington Park Villa Sites, 204 N. Y. 231, 97 N. E. 587, 38 L. R. A. (N. S.) 210; David Lupton's Sons v. Auto Club of America, 225 U. S. 489, 32 Sup. Ct. 711, 56 L. Ed. 1177.

Even if it be assumed that such an action may be commenced, the moment it is examined, it is found that it cannot be maintained. That is, it cannot be sustained, preserved or kept in being, no injunction can be granted, no judgment for the plaintiff can be entered therein. No matter what meaning may be given to the word "maintained" the statute clearly prohibits the complainant from procuring any relief in the action. The questions involved are carefully discussed by Judge Lacombe in New York Times v. Star Co. (C. C.) 195 Fed. 110, and we agree with what is there said as to the proper interpretation of section 36 of the act in connection with section 12.

As these views result in the affirmance of the decree, we deem it unnecessary to discuss the other questions presented at the oral argument and in the briefs.

Decree affirmed with costs.