## UNITED STATES ex rel. TWENTIETH CENTURY–FOX FILM CORPORATION v. BOUVE.

### No. 89881.

District Court of the United States for the District of Columbia.

April 29, 1940.

Fulton Brylawski, William B. Wolf, and Simon Fleishman, all of Washington, D. C., for plaintiff.

H. L. Godfrey, J. F. Mothershead, Department of Justice, David A. Pine, U. S. Atty., and Howard Boyd and William S. Tarver, Assts. U. S. Attys., all of Washington, D. C., for defendant.

BAILEY, Justice.

The plaintiff obtained a copyright on its work "In Old Chicago" in December, 1937, by publication with notice of copyright. The work was actually offered for sale to the public and although the number of copies offered for sale was quite small, and the publication made as a requisite for bringing suit to enforce registration, it cannot be said that there was no publication, for had the work been offered for sale without the copyright notice there would have been a surrender of all right to a copyright.

The defendant refused to register the copyright chiefly on the ground that the writing sought to be copyrighted consisted merely of "page proof" of a contribution to a newspaper and that the newspaper containing the serialization should be deposited instead of the page proof.

The book in question does have some of the characteristics of "page proof." The sheets are printed on one side only, each page has a separate copyright notice and a résumé of the preceding pages, but the sheets are bound together in the form of a book. The fact that it was apparent from the face of the book that the purpose was to have it published in installments in periodicals does not in my opinion prevent the registration of the whole as a book. Nor can it be said that this was not "the best edition thereof then published," it being the only complete edition.

It may be added that it was the practice until the year 1936 under the former Register of Copyrights to register copyrighted publications similar to the one in question.

As to the discretionary power of the Register of Copyrights, I think that he has no power to refuse to register any copyright that is entitled to registration under the law; that it is a question of fact whether the applicant has complied with the law; that if he has complied with the law he is entitled to have the copyright registered; that any finding of fact or conclusion of law on the part of the Register of Copyrights are not binding upon the court. I think that the powers of the Register of Copyrights are analogous to the powers of the Postmaster General in admitting articles in the mail and of the Register of Deeds in recording instruments. Payne v. United States ex rel. National Railway Publishing Company, 20 App. D.C. 581; Dancy v. Clark, 24 App.D.C. 487.

I do not think that the testimony is sufficient to establish any waiver of copyright based upon any publication without the copyright notice by the authority of the publisher.

The plaintiff is entitled to the relief sought.