## RUDOLF LESCH FINE ARTS, Inc., v. METAL.

District Court, S. D. New York.
July 21, 1943.

Albert Hirst, of New York City, for plaintiff.

Charles Caches and Henry Coleman, both of New York City), for defendant.

RIFKIND, District Judge.

■ The complaint alleged that plaintiff was the proprietor of two copyrights which it had acquired by assignment; that one of the copyrights related to a reproduction of Renoir's "Child with Flower" and the other to a reproduction of Renoir's "Girl with Veil"; that between May 28, 1936, and June 11, 1936, plaintiff's assignor had complied in all respects with the copyright law and had received, with respect to the two reproductions, "from the Register of Copyrights certificates of registration dated and identified as follows: 'June 11, 1936, Class K, numbers 30240 and 30241'."; that sometime after May 28, 1936, defendant infringed· by causing to be printed copies of the reproductions from the identical plates from which plaintiff's reproductions were printed. Both injunctive relief and an accounting for profit and damages were demanded. Upon the trial the complaint was amended to·allege that the defendant caused the printing complained of "in spite of the fact that he had expressly consented to the assignment of said copyrights by said Wechsler to the plaintiff as well as to the assignment by said Wechsler to plaintiff of the rights to reprinting editions of said prints." The allegations with respect to "Child with Flower" were fully established by the proof.

■ A different situation was presented with respect to "Girl with Veil". It appeared that no deposit had been made in the Copyright Office until several months after the action had been commenced. § 12 of 17 U.S.C.A. contains the following provision: "No action or proceeding shall be maintained for infringement of copyright in any work until the provisions of this title with respect to the deposit of copies and registration of such work shall have been complied with."

Plaintiff's counsel has presented a learned argument wherein he sought to distinguish between the commencement or institution of a suit and the maintenance thereof. He advances the contention that the requirements of deposit had been satisfied before trial and that the statutory obstacle has, therefore, been overcome. Whatever may be the merits of his argument, it has been authoritatively rejected. New York Times Co. v. Sun Printing & Publishing Assn., 2 Cir., 1913, 204 F. 586, certiorari denied 234 U.S. 758, 34 S.Ct. 676, 58 L.Ed. 1579. See, Lumiere v. Pathé Exch., Inc., 2 Cir., 1921, 275 F. 428. The claim for infringement of copyright of "Girl with Veil" must, therefore, be dismissed.

■ Plaintiff contends, however, that it is nevertheless entitled to a decree for a violation of its non-statutory rights, namely, the breach of the implied contract of a printer not to reproduce his customer's

material for his own purpose and in competition with the customer. It is urged that this court has jurisdiction to grant such relief despite the absence of diversity of citizenship. Hurn v. Oursler, 1933, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148. In that case relief against unfair competition was held within the court's jurisdiction where a valid copyright was held not infringed. In Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 1938, 305 U.S. 315, 59 S.Ct. 191, 83 L.Ed. 195, the same view was expressed where a trademark was held invalid. In the Armstrong case the court said at page 324 of 305 U.S., 59 S.Ct. at page 195, 83 L.Ed. 195: "Unless plainly unsubstantial, the allegation of registration under the act is sufficient to give jurisdiction of the merits." In the Hurn case the identical test was stated: "Where the federal question averred is not plainly wanting in substance, the federal court, even though the federal ground be not established, may nevertheless retain and dispose of the case upon the nonfederal ground." Id., page 246 of 289 U.S., 53 S.Ct. at page 589, 77 L.Ed. 1148.

 Applying this test to the case on trial, I am of the opinion that the court is without jurisdiction. True the complaint avers in substance the deposit of the prescribed copies of "Girl with Veil" and the registration of the copyright. It recites the date and number of a certificate of registration. But the allegation is pure fabrication. Both date and number were invented. Such an allegation, it seems to me, is plainly wanting in substance. But for that spurious allegation the facts here would not be materially different from those which appeared in the second branch of the Hurn case, supra, 289 U.S. at page 248, 53 S.Ct. at page 590, 77 L.Ed. 1148, since they would have presented a non-federal claim for which the statutory remedy under the copyright law could not be maintained.

The foregoing argument proceeds on the assumption that the complaint does, in fact, plead a non-statutory claim of unfair competition. The original complaint certainly lacked such an allegation and I seriously doubt that the amendment was sufficient to give notice of such a claim.

I conclude, therefore, that the claim for infringement of "Girl with Veil" must be dismissed, without prejudice, for lack of jurisdiction.

For the infringement of copyright on "Child with Flower" plaintiff is entitled to an injunction and to the destruction of infringing copies and plates. Plaintiff also asks for damages of One Dollar for every infringing copy. It appears, however, that no infringing copies, out of the accused edition, have been sold and that all infringing copies have been seized and impounded. Under the circumstances, plaintiff has suffered no actual damages as a result of the infringement. I shall, therefore, award the plaintiff only nominal damages of One Dollar, together with costs which shall include an attorney's fee of Three Hundred Dollars.

Defendant asks for damages for physical injury to the plates occurring after their seizure by the United States Marshal. He is, of course, entitled to nothing with respect to the plates ordered to be destroyed. With respect to the plates of "Girl with Veil" he has failed to establish how the injury has occurred or in any way shown why plaintiff should be charged therewith.