**BLOCK v. PLAUT et al.**

No. 49 C 603.

United States District Court
N. D. Illinois, E. D.
Sept. 28, 1949.

50

Bernard Weissbourd, Chicago, Ill., for plaintiff.

Taylor, Miller, Busch & Magner, Chicago, Ill., for defendant Mandel Bros.

Samuel W. Kipnis, Chicago, Ill., for defendants Ivan S. Plaut, Geo. Lederman, Harvey S. Lederman and Aba Plaut Lederman.

LA BUY, District Judge.

The complaint herein consists of three counts: Count I is predicated on the Copyright Act of July 30, 1947, 17 U.S.C.A. § 1 et seq.; Count II is based on the trademark laws; and Count III is directed against the individual defendants for breach and violation of the terms of an agency with plaintiff for making plans and arrangements to manufacture and sell "close copies" of the plaintiff's product Closet Caddy.

As to Count I, the complaint alleges plaintiff complied in all respects with the Copyright Act and all other laws governing copyright and secured exclusive rights and privileges to the copyright of a Closet Caddy label and received from the Register of Copyrights a certificate of registration dated May 24, 1948, identified as Class K No. 23454, and a copyright of a De Luxe Closet Caddy Label receiving from the Register of Copyrights a Certificate of registration dated October 18, 1948, identified as Class K No. 27854; that defendants Plaut and Lederman are infringing 23454 in manufacturing and marketing of a Closet Space Saving Rack and a Super Closet Space Saving Rack, by printing and causing to be printed a label to be fastened to the racks which is largely copies

from plaintiff's copyrighted label and in printing and causing to be printed circulars and promotional literature containing material copied largely from plaintiff's copyrighted label; and as to 27854 by doing the same and in addition illustrating the plaintiff's De Luxe Closet Caddy Label as and for defendants' Super Closet Space Saving Rack; that the defendant Mandel Bros. infringed by printing newspaper advertisements for the Plaut and Lederman product which contained material copies in large measure from plaintiff's copyrighted label and selling Plaut and Lederman products without informing purchasers that the items sold were not Closet Caddies thus palming off those products as plaintiff's; that Plaut and Lederman represented plaintiff was no longer in the business and engaged in unfair trade practices and unfair competition against plaintiff to its damage.

As to Count II, the complaint alleges the plaintiff applied for registration at the United States Patent Office of the trade mark Closet Caddy, application number being S.N. 550,483, and that the defendants have infringed such trademark and are engaging in unfair trade practices to the confusion of the public.

Count III alleges Plaut and Lederman undertook to serve as exclusive sales representatives of plaintiff in the promotion and sale of a household product known as the Closet Caddy and were to receive commissions thereon; that defendants did not actively and energetically promote the sale of the Closet Caddy; that such promotion as was made was designed to make it appear the product was that of the defendants; that in direct violation and total disregard of their duty to plaintiff, defendants made plans and entered into arrangements to manufacture and sell on their own account items known as the Closet Space Saving Rack and Super Closet Space Saving Rack which are close copies of the Closet Caddy and De Luxe Closet Caddy; that as a consequence plaintiff has suffered great loss of sales and profits.

Defendants have filed a motion to dismiss for lack of jurisdiction under the copyright law since no valid copyright is alleged in plaintiff's complaint, lack of jurisdiction under the trademark laws since no registered trademark is alleged, and that as to the unfair competition allegations of Counts I, II and III no diversity of citizenship exists between plaintiff and the three individual defendants.

In its brief plaintiff admits Count II "does not state a claim for infringement of a registered trademark, (but) does state a claim for infringement of plaintiff's common-law trademark, a common law right obtained by prior and continued usage". Plaintiff's Count II is premised on the theory that infringement of such a mark constitutes unfair competition and is related closely to the copyright infringement allegations of Count I and therefore jurisdiction pursuant to Section 1338, 28 U.S. C.A., attaches. The same theory is presented as to the unfair competition aspect of Count III against the individual defendants.

Section 1338(b) provides:

"The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent or trademark laws."

It appears, therefore, that not all claims for unfair competition come within the original jurisdiction of the district court—only those joined with a substantial claim under copyright, patent or trademark law.

There is no jurisdiction originally in the district court for common law trademark infringement, and consequently in the absence of diversity of citizenship, there is no jurisdiction over a related claim of unfair competition arising out of violation of a common law trademark. Count II does not arise under the federal trademark law since it is admitted there is no registered trademark under the federal statute and no diversity of citizenship is alleged. The motion to dismiss Count II is therefore sustained.

Count III alleges a breach of duty arising out of a contract arrangement. There is no original jurisdiction in the district court over contract actions not arising under the federal law unless diversity of citizenship between the parties is estab-

lished and consequently the motion to dismiss Count III is sustained.

▮ The motion to dismiss Count I is primarily based upon the invalidity of the copyright because of lack of proper statutory copyright notice thereby causing said copyrightable material to be in the realm of the public domain and that its publication without notice constituted an abandonment of rights.

Certificates of registration for the labels are attached as exhibits and pursuant to Section 209 of the Copyright law, 17 U.S.C.A, are stated to be "prima facie evidence of the facts stated therein"; that is, that plaintiff has taken the necessary steps to comply with the law.

▮ Section 19 of the Copyright law provides for forms of notice and reads as follows:

"The notice of copyright required by section 10 of this title shall consist either of the word 'Copyright' or the abbreviation 'Copr.', accompanied by the name of the copyright proprietor, and if the work be a printed literary, musical, or dramatic work, the notice shall include also the year in which the copyright was secured by publication. In the case, however, of copies of works specified in subsections (f) to (k), inclusive, of section 5 of this title, the notice may consist of the letter C enclosed within a circle, thus ©, accompanied by the initials, monogram, mark, or symbol of the copyright proprietor: Provided, That on some accessible portion of such copies or of the margin, back, permanent base, or pedestal, or of the substance on which such copies shall be mounted, his name shall appear. * * *"

Section 5(f) to (k) reads as follows:

"The application for registration shall specify to which of the following classes the work in which copyright is claimed belongs:

"(f) Maps

"(g) Works of art; models or designs for works of art.

"(h) Reproductions of a work of art.

"(i) Drawings or plastic works of a scientific or technical character.

"(j) Photographs.

"(k) Prints and pictorial illustrations including prints or labels used for articles of merchandise."

Plaintiff states registration of the Closet Caddy was made within the classification of subdivision (k) of Section 5.

The exhibits submitted herein disclose the following notice:

CLOSET CADDY
Trade Mark Reg. U. S. Pat. Off. Copyright 1948. Pat. Pending
and the designation Block Company on the side of the box. This is the notice on which defendants' motion hinges as to Count I. Defendants maintain that the only legend purporting to be a notice of copyright are the words "copyright 1948" and that "Closet Caddy" is not a part of the notice of copyright; that the notice consists of "Copyright 1948" only and is not accompanied by the initials, monogram, mark or symbol of the copyright proprietor and the name of the copyright proprietor nowhere appears on the exhibits.

Defendants cite Record & Guide Co. v. Bromley, C.C., 175 F. 156, 165 as being directly in point. In that case the notice was in the following form:

Copyright by Real Estate Rec'd. & Bldrs.' G. Co.
Vol. LXXV        May 6, 1905        1938

The court held the date appearing below the copyright notice could not be regarded as a part of that notice and the notice was void for want of a date. Defendants urge in the instant case the words "Closet Caddy" cannot be construed as part of the copyright notice since they appear above and separated from that notice. In the above case the court stated:

"A continuous black line is drawn completely across the column between the first and second lines, separating the two as distinctly as if they were in different columns, and making it perfectly clear that the copyright notice was regarded as fully finished upon the first line, and that the second line was used for the different purpose of giving the date of publication, the volume number, and what seems to be the total number of the weekly issues."

No such definite demarcation appear in the present notice under consideration and nowhere does the statute or the court's opinion inhibit the use of a copyright notice to only a single line. The court in the Record & Guide Co. case, supra, stated that where the copyright notice varied from the statutory notice, the notice was still held valid if it included every element of the notice set out in the statute. And in Mifflin v. R. H. White Co., 1903, 190 U.S. 260, 264, 23 S.Ct. 769, 771, 47 L.Ed. 1040, the court said:

"* * * It is incorrect to say that any form of notice is good which calls attention to the person of whom inquiry can be made and information obtained, since, the right being purely statutory, the public may justly demand that the person claiming a monopoly of publication shall *pursue, in substance, at least, the statutory method of securing it.* * * * In determining whether a notice of copyright is misleading, we are not bound to look beyond the face of the notice, and inquire whether, under the facts of the particular case, it is reasonable to suppose an intelligent person could actually have been misled." (Italics supplied.)

Are the words Closet Caddy the initials, monogram, mark or symbol of the copyright proprietor? It is asserted the words are the trademark of plaintiff and therefore the mark of the proprietor and, in fact, is also the name, in company form, under which he did business for a time. The statutory section, supra, permits the use of the C enclosed in a circle accompanied by the mark of the proprietor. It seems the statute covers such a designation as Closet Caddy under the term "mark", whether the trademark used be valid or invalid. A mark is defined by Webster's New International Dictionary as

"a character, device, a label, brand, seal or the like put on to show the maker or owner to certify quality, for identification, etc.; trademark."

Although in the instant case there was not a literal compliance with the statute in that the word "Copyright" was used in full and words in addition to "Copy-right 1948" were used, the court is of the opinion the notice is sufficient under the statute to create a valid copyright even though more than the statute required was included; and that part is surplusage.

An order has this day been entered overruling defendants' motion to dismiss Count I and sustaining defendants' motion to dismiss Count II and Count III of the plaintiff's complaint.