**David H. BAILIE and Celia R. Fiddler, Appellants,**

v.

**Arthur FISHER, Register of Copyrights, Appellee.**

**No. 14275.**

United States Court of Appeals District of Columbia Circuit.

Argued April 9, 1958.

Decided May 29, 1958.

Mr. Harry A. Toulmin, Jr., Washington, D. C., with whom Messrs. Hugo M. Wikstrom and Folsom E. Drummond, Washington, D. C., were on the brief, for appellants. Mr. Herbert H. Brown, Washington, D. C., also entered an appearance for appellants.

Mr. Hershel Shanks, Atty., Dept. of Justice, with whom Asst. Atty. Gen. George C. Doub, Messrs. Oliver Gasch, U. S. Atty., Samuel D. Slade, Atty., Dept. of Justice, and Abraham L. Kaminstein, Chief, Examining Section, Copyright Office, Washington, D. C., were on the brief, for appellee.

**426**

Before WILBUR K. MILLER and BURGER, Circuit Judges, and MADDEN, Judge, United States Court of Claims.*

PER CURIAM.

■ The appellants devised a cardboard star with a circular center bearing the photograph of an entertainer, upon which is superimposed a transparent phonograph record from which the voice of the pictured person may be heard. The cardboard has two flaps which, when folded back, enable it to stand for display. The appellants sought to register as a "work of art" under a section of the Copyright Statute, 17 U.S.C. § 5(g), the actual shaping of the "self-supporting star-shaped photograph bearing phonograph record," but not the photograph or the recording.

■■ The appellee, Register of Copyrights, refused registration on the ground that the device is not a work of art and is not subject matter for copyright. Upon his refusal, the appellants sued in the United States District Court for the District of Columbia. They prayed (1) for a declaration that their picture-record device is a work of art within the meaning of 17 U.S.C. § 5(g); and (2) for an order requiring the Register to register the device as a work of art. Summary judgment having been granted to the Register of Copyrights, the appellants appeal.

" * * * [T]he Register may properly refuse to accept for deposit and registration 'objects not entitled to protection under the law.' * * * It seems obvious, also, that the Act establishes a wide range of selection within which discretion must be exercised by the Register in determining what he has no power to accept. * * * " Bouve v. Twentieth Century-Fox Film Corp., 1941, 74 App.D.C. 271, 273, 122 F.2d 51, 53. The Register's discretion is not uncontrolled, but is subject to judicial review and correction. *Ibid.*

We hold the appellee was right in determining appellants' device is not a work of art within the meaning of 17 U.S.C. § 5(g). "A thing is a work of art," said the Ninth Circuit in Rosenthal v. Stein, 1953, 205 F.2d 633, 635, "if it appears to be within the historical and ordinary conception of the term art." A cardboard star which stands because of folded flaps does not fall within that conception.

Affirmed.