G. P. PUTNAM'S SONS, Terry Southern and Mason Hoffenberg, Plaintiffs,

v.

LANCER BOOKS, INC., J. W. Clement Co., and Publishers Distributing Corporation, Defendants.

United States District Court
S. D. New York.

Feb. 25, 1966.

See also, D.C., 239 F.Supp. 782.

Rembar & Zolotar, New York City, for plaintiffs, G. P. Putnam's Sons and Mason Hoffenberg.

Martin Garbus, New York City, for Terry Southern.

Amster & Rothstein, New York City, for defendants; Bernard L. Goldstein, New York City, of counsel for Lancer Books, Inc., Falk, Twelvetrees, Johnston & Siemer, Buffalo, N. Y., of counsel, for J. W. Clement Co., Benjamin E. Winston, New York City, of counsel, for Publishers Distributing Corporation.

FREDERICK van PELT BRYAN, District Judge:

This action for copyright infringement and unfair competition concerns the novel "Candy,"[1] which for a considerable period headed the best seller list.

Plaintiffs Southern and Hoffenberg are the authors of the novel. Plaintiff G. P. Putnam's Sons (Putnam) is the publisher of both a hard cover and a later paperback version. Defendant Lancer Books, Inc. (Lancer) has also published a paperback version of "Candy." Defendants J. W. Clement Company and Publishers Distributing Corporation are respectively the printer and distributor of the Lancer paperback.

In the second amended complaint jurisdiction is alleged under 28 U.S.C. § 1338 on the claim for infringement of the federal copyright and on the pendant claims for unfair competition.

Defendants have moved under Rule 12(b), F.R.Civ.P., to dismiss the action for want of jurisdiction or failure to state a claim on which relief can be granted. It is defendants' position that § 13 of the Copyright Law, 17 U.S.C. § 13, forbids the maintenance of the first claim for infringement of federal copyright because of the plaintiffs' failure to obtain registration of the novel with the Copyright Office. Defendants contend further that the second and third claims, in the nature of unfair competition under state law which are pendant to the first, must be dismissed for want of federal jurisdiction when the first claim has fallen.

The facts as alleged in the first claim pleaded in the second amended complaint (for infringement) are substantially these:

Southern and Hoffenberg, United States citizens, are the authors of an original novel first published in France in the English language in 1958. There were several European editions with the title of either "Candy" or "Lollipop" under an authors' pseudonym of Maxwell Kenton. All carried notice of copyright.

In early 1964 Southern and Hoffenberg granted Putnam the exclusive right to publish the work in the United States during the term of copyright and renewals. In 1964 Putnam published the work with the title "Candy," under the authorship of Southern and Hoffenberg, with a copyright notice. This was the first publication in the United States and contained various revisions made by the authors.

Deposit of copies and registration of the work pursuant to the Copyright Law with respect to these revisions only had been made by the authors in 1964. However, up to the time of the service of the second amended complaint no attempt had been made to register the work as a whole with the Copyright Office.

It is alleged that this was because the authors believed such an attempt would be futile due to a regulation of the Copyright Office providing that an American edition of an English language book first published abroad would not be registered unless an ad interim registration under § 22 of the Copyright Law, 17 U.S.C. § 22, had first been made. (37 C.F.R. § 202.-4(b) (1)). There had been no ad interim registration in this case. This regulation of the Copyright Office is claimed to be invalid and unconstitutional.

It is further alleged that no ad interim registration was possible prior to publication in the United States for the reason

---

[1]. The novel, recounting the varied and sensational (to put it mildly) sexual adventures of the heroine, could be considered a parody on the sex novel.

that importation of copies of "Candy" was prohibited by the Bureau of Customs until September 1964, presumably on grounds of obscenity under 19 U.S.C. § 1305.

In January 1965 defendants published in the United States a book entitled "Candy," by "Maxwell Kenton." The Lancer book is alleged to have been copied from the novel published by the plaintiff and to have infringed an alleged copyright of the plaintiffs who notified defendants of the claimed infringement.

The second and third claims allege acts and conduct of defendants in connection with their publication of "Candy" in the nature of unfair competition under state law.

Plaintiffs seek injunctive relief, damages and impounding of all copies of the Lancer book.

No affidavits have been submitted by any of the parties on this motion, and the motion as made appeared to have been directed to the face of the second amended complaint. However additional facts not in the record, largely occurring after the filing of the second amended complaint, were referred to by the parties during argument and in their briefs and are undisputed. As a result a confused picture has been presented. To resolve this confusion the parties will be considered to have stipulated these facts which are as follows:

The Lancer novel is an exact copy of the original French edition of the work published in 1958. It does not include any of the authorized revisions contained in the Putnam novel and registered by the authors with the Copyright Office.

In 1965, subsequent to the filing of the second amended complaint, plaintiffs applied for copyright registration covering the original unrevised French text of the novel as published in 1958. The Copyright Office refused registration, apparently on the ground that the Copyright Law and Regulations had not been complied with.

Plaintiffs then brought an action in the nature of mandamus in the District Court of the District of Columbia to compel the Copyright Office to register the work. That action is pending and undetermined.[2]

Defendants argue that § 13 of the Copyright Law forbids the maintenance of an action for copyright infringement unless the work has been registered with the Copyright Office. Since the plaintiffs have not obtained such a registration, defendants, relying on Vacheron & Constantin-LeCoultre Watches, Inc. v. Benrus Watch Co., 260 F.2d 637 (2 Cir. 1958), contend that under *Vacheron*, where registration has been refused, plaintiffs' sole remedy lies in a proceeding in the nature of mandamus against the Register of Copyrights to compel registration, such as is pending in the District of Columbia. Their ultimate position is that the original unrevised text of the novel as published in France in 1958 is now in the public domain in the United States because the authors failed to comply with the Copyright Law. However, they do not present that issue for determination here.

Plaintiffs, on the other hand, contend that despite the provisions of § 13 an action for infringement may be maintained even though registration by the Copyright Office has been refused, as long as the work has been published with notice of copyright. They urge all ques-

---

**2.** In addition to the case at bar two other actions are pending in this court by Lancer against Putnam, involving the same controversy (65 Civil 54 and 65 Civil 65). In these actions Lancer seeks a declaratory judgment determining that it is entitled to publish and distribute its version of "Candy" free from any claim of copyright infringement by Putnam. Applications for preliminary injunctions by Putnam in the present action and by Lancer in the two actions in which it is plaintiff were heard together before Judge McLean and denied. 239 F.Supp. 784 (1965); Memoranda opinions in 65 Civ. 54 and 65 Civ. 65), (dated February 5, 1965 and unreported).

A cogent recommendation by Judge McLean that all three actions be consolidated has been ignored by the parties and no consolidation has been attempted.

tions concerning the validity and right to registration may be litigated and determined in such an action. They also argue that the *Vacheron* case was incorrectly decided and, in any event, is distinguishable from the case at bar.

### (1)

Section 13 of the Copyright Law provides as follows:

> "* * * No action or proceeding shall be maintained for infringement of copyright in any work until the provisions of this title with respect to the deposit of copies and registration of such work shall have been complied with." (17 U.S.C. § 13).

The record is clear that plaintiffs have not obtained registration in the Copyright Office of the original unrevised text of the 1958 French edition of "Candy" on which they based their claim of infringement.

The *Vacheron* case holds directly that under § 13 an action for infringement may not be maintained when the work has not been registered with the Copyright Office. Where there has been refusal to register a party's sole remedy lies in a proceeding in the nature of mandamus against the Register to compel registration. See Vacheron & Constantin-LeCoultre Watches, Inc. v. Benrus Watch Co., supra, 260 F.2d at 640–641. Compare Bouvé v. Twentieth Century-Fox Film Corp., 74 App.D.C. 271, 122 F.2d 51 (1941).

*Vacheron* is clearly in point and is not distinguishable from the case at bar as plaintiffs contend. It has support in both prior and subsequent cases. See Lumiere v. Pathé Exchange, Inc., 275 F. 428 (2 Cir. 1921); N. Y. Times Co. v. Sun Print-ing & Publishing Ass'n, 204 F. 586 (2 Cir. 1913), cert. den., 234 U.S. 758, 34 S.Ct. 676, 58 L.Ed. 1579 (1914); Grove Press, Inc. v. Greenleaf Publishing Co., 247 F.Supp. 518, 523–524, fn. 6 (E.D.N.Y. 1965); Algonquin Music, Inc. v. Mills Music, Inc., 93 F.Supp. 268 (S.D.N.Y. 1950); Rosedale v. News Syndicate Co., 39 F.Supp. 357 (S.D.N.Y.1941).

The only case which might be thought to be to the contrary, White-Smith Music Pub. Co. v. Goff, 187 F. 247 (1 Cir. 1911), was considered by Judge Hand in *Vacheron* and to the extent that it was not distinguishable was not followed. Law Review criticisms of *Vacheron* on which plaintiffs place much reliance, see, e. g., 72 Harv.L.Rev. 1167 (1959), 107 U.Pa.L. Rev. 1046 (1959), 34 N.Y.U.L.Rev. 777 (1959), whether well taken or not, are, of course, quite beside the point. *Vacheron* is controlling authority on the District Court in this case.

If anything, the facts in the case at bar are stronger against the plaintiffs than those in *Vacheron*.

Plaintiffs made no attempt to secure an ad interim copyright protection under 17 U.S.C. § 22 [3] for this book, first published abroad in the English language. That section would have given plaintiffs protection for five years from the date of first publication abroad which could have been extended by publication in the United States within that period.

Copyright Office Regulation 202.4(b), (37 C.F.R. § 202.4(b)) provides:

> "(1) An American edition of an English-language book or periodical identical in substance to that first published abroad will not be registered unless an ad interim registration is first made."

3. § 22. "Ad interim protection of book or periodical published abroad. In the case of a book or periodical first published abroad in the English language, the deposit in the Copyright Office, not later than six months after its publication abroad, of one complete copy of the foreign edition, with a request for the reservation of the copyright and a statement of the name and nationality of the author and of the copyright proprietor and of the date of publication of the said book or periodical, shall secure to the author or proprietor an ad interim copyright therein, which shall have all the force and effect given to copyright by this title, and shall endure until the expiration of five years after the date of first publication abroad.

When the plaintiffs belatedly sought to register the original text of the novel, some seven years after it was first published in France and subsequent to the publication of the Lancer novel and the commencement of this action, registration was refused on the ground of failure to comply with the ad interim registration provisions of § 22 and regulation 202.-4(b)(1). Plaintiffs' attack on the validity of the regulation has no place here. Under *Vacheron* that question can only be litigated in an appropriate action against the Register of Copyrights such as plaintiffs now have pending in the District of Columbia.

Plaintiffs give as their reasons for failing to comply with § 22, and thus to satisfy the regulation, that the novel was banned by the Customs Bureau until after the time limitations in § 22 had expired. If there be any merit in the contention that they were excused from complying with § 22 for these reasons that should be explored in the appropriate mandamus proceeding to compel registration. It may not be litigated here.

■ Finally, plaintiffs' reliance on § 10 of the Copyright Law as authorization for the maintenance of an infringement action without registration but merely on publication with copyright notice, despite § 13, is misplaced. Section 10 [4] deals with a right, not a remedy. The remedy is controlled and limited by § 13. Plaintiffs are not entitled to maintain their first claim for relief.

(2)

■ Plaintiffs contend, however, that even if they are not entitled to maintain the first claim the court should not dismiss but should retain jurisdiction pending determination of the mandamus action in the District of Columbia. I see no merit to this contention.

The proscription against the maintenance of actions contained in § 13 "goes to the jurisdiction of the courts to entertain such action or proceedings * * *." New York Times Co. v. Star Co., 195 F. 110, 112 (C.C.S.D.N.Y.1912). An infringement action by a party who has not complied with the provisions of the Copyright Law "cannot be sustained, preserved or kept in being * * *." New York Times Co. v. Sun Printing & Pub. Ass'n, 204 F. 586, 588 (2 Cir. 1913), cert. den., 234 U.S. 758, 34 S.Ct. 676, 58 L.Ed. 1579 (1914).

Plaintiffs have not cited, nor have I found any case in which jurisdiction was retained after dismissal under these circumstances and I see no justification for doing so here.

(3)

■■ There remains the question of the disposition of the two claims for unfair competition after dismissal of the federal claim for infringement to which they are pendant.

While the court may not necessarily be compelled to dismiss the pendant claims,[5] sound principles of judicial administration dictate that "pendant jurisdiction over a claim under state law requiring a plenary trial on the merits should not be exerted when the federal claim is dismissed prior to trial." Ruckle v. Roto American Corp., 339 F.2d 24, 27 (2 Cir. 1964); see T. B. Harms v. Eliscu, 339 F.2d 823, 829 (2 Cir. 1964), cert. den., 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed. 2d 435 (1965).

---

4. "§ 10. Publication of work with notice. Any person entitled thereto by this title may secure copyright for his work by publication thereof with the notice of copyright required by this title * * *." (17 U.S.C. § 10.)

5. See Hurn v. Oursler, 289 U.S. 238, 53 S. Ct. 586, 77 L.Ed. 1148 (1933); Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939, 13 A.L.R.2d 383 (1946); Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 305 U.S. 315, 324, 59 S. Ct. 191, 83 L.Ed. 195 (1939); T. B. Harms Co. v. Eliscu, 339 F.2d 823, 828–829 (2 Cir. 1964), cert. den., 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965).

The result is no different if the claim is one for unfair competition pendant to a copyright infringement suit under 28 U.S.C. § 1338(b).[6] Section 1338(b), providing for pendant jurisdiction over a claim for unfair competition under state law when joined with a "substantial" and "related" claim under the Copyright Law is merely statutory authority for prior case law. Revisor's Note, 28 U.S.C.A. § 1338. It was enacted to avoid "piece-meal" litigation. Revisor's Note, supra. Such litigation is avoided when the federal claim is dismissed on pre-trial motion. If jurisdiction were retained "the dog would be wagged by his tail if plenary trial of an ancillary claim were compelled by a primary claim which [was] disposed of [prior to trial]," Hart & Wechsler, The Federal Courts and the Federal System 808 (1953). Thus pendant claims under § 1338(b), like other pendant claims, should be dismissed when the federal claim falls prior to trial. Walters v. Shari Music Pub. Corp., 193 F.Supp. 307 (S.D.N.Y.1961), appeal dismissed conditionally, 298 F.2d 206 (2 Cir. 1962); see Note, Pendant Jurisdiction, 62 Colum.L.Rev. 1018, 1045 (1962); cf. Strachman v. Palmer, 177 F.2d 427, 433, 12 A.L.R.2d 687 (1 Cir. 1949) (Magruder, Ch. J., concurring to the effect that merely because court has jurisdiction does not mean it should determine issues more appropriate for state forum); American Automobile Ins. Co. v. Freundt, 103 F.2d 613, 617 (7 Cir. 1939); Fitzhenry v. Erie R. Co., 7 F.Supp. 880, 883–884 (S.D.N.Y.1934); Discretionary Federal Jurisdiction Over the Pendant Cause, 46 Ill. L.Rev. 646, 650–653 (1951).

Defendants' motion to dismiss the action is in all respects granted without prejudice. Judgment will be entered accordingly.

It is so ordered.

---

6. In view of the dismissal of the pendant claims on these grounds it is unnecessary to consider the additional question of whether the infringement claim here, to which the pendant claims are joined, is a "substantial" one as required by § 1338.

See American Auto Ass'n v. Spiegal, 205 F.2d 771 (2 Cir. 1953), cert. den., 346 U.S. 887, 74 S.Ct. 138, 98 L.Ed. 391; Block v. Plaut, 87 F.Supp. 49, 51 (N.D. Ill.1949); Note, 37 Iowa L.Rev. 406, 413 and fn. 42 (1952).