TECHNIQUES, INC., Jack Kott and Neil Bergazyn, Plaintiffs,

v.

Christopher ROHN, Rohnart, Inc., Teddy's, Under Attack, Ltd., Maria Luchese, Joseph De Simone, John Doe, and Jane Doe, Defendants,

v.

BERGAZYN AND SON, INC., Additional defendant on Counterclaim.

No. 83 Civ. 7929.

United States District Court, S.D. New York.

Aug. 29, 1984.

Steven Mitchell Sack, New York City, for plaintiffs.

Pennie & Edmonds by Walter G. Marple, Gidon D. Stern, New York City, for defendants Christopher Rohn, Rohnart, Inc., Maria Luchese, and Joseph De Simone.

Judith E. Turkel, New York City, for defendant Under Attack, Ltd.

## OPINION

MOTLEY, Chief Judge.

Plaintiffs Jack Kott and Neil Bergazyn allege they entered into an agreement with defendant Christopher Rohn to manufacture greeting cards and to form a corporation for that purpose. They allege that the corporation, plaintiff Techniques, Inc., was formed and received initial orders in the amount of $20,000. Defendants Maria Luchese and Joe DeSimone were to act as sales and distribution supervisors and together would receive one third of the profits of the venture. Kott and Bergazyn were to act as production supervisors and finance the production of samples and together would receive one third of the profits of the venture. Rohn was to act as art supervisor and would receive one third of the profits. Initially, the agreement is alleged to have included only Rohn, Kott, and Bergazyn, who were to receive three equal shares, but later was modified to include Luchese and DeSimone. The agreements were oral and not reduced to signed writings. Kott and Bergazyn allege that they rendered services and expended monies in accordance with the agreement for the benefit of defendants. Plaintiffs contend however, that defendants formed a competing corporation under the name Rohnart, Inc. to sell the same greeting cards that were designed, manufactured, and owned by plaintiff. Rohnart is alleged to be filling orders actually obtained by Techniques and utilizing cards that were "copied identically" from plates owned by plaintiffs. Plaintiffs claim to be the "sole proprieter of all rights, title and interest and to the copyright in the cards designed, created, and merchandised by plaintiffs."

Plaintiffs originally filed this action in the Supreme Court for the State of New York, New York County, and obtained an *ex parte* temporary restraining order. Defendants then removed the action to this court which vacated the restraining order after a hearing attended by both sides. Plaintiff subsequently filed an amended complaint which claims breach of contract, unjust enrichment, civil conspiracy, conver-

sion, interference with plaintiff's business opportunity, damage to plaintiff's business reputation, copyright infringement and they seek an accounting. Jurisdiction is asserted under 28 U.S.C. § 1338(a), which gives this court exclusive jurisdiction over an action arising under an Act of Congress relating to copyright. Defendants have counterclaimed alleging copyright infringement and now have moved to dismiss plaintiffs' complaint.

As an initial matter, the court notes that all the parties are alleged to be residents of New York and apparently all are citizens of that state. In any event, plaintiffs do not assert jurisdiction on the basis of diversity of citizenship. The sole basis of this court's subject matter jurisdiction is alleged to be the copyright claim. All the other claims arise out of state law.

■ While plaintiffs claim to be entitled to ownership of the copyright for the cards in question, it is undisputed that defendant Rohn obtained the Registration and claims to have assigned it to defendant Rohnart, Inc. Plaintiffs initially claimed that Rohn agreed to transfer to them the copyright ownership in the works. Plaintiff Kott has admitted, however, that there is no written evidence of Rohn's intended or actual transfer of the rights in the copyright to plaintiffs. This fact defeats plaintiffs' ability to make use of the transfer even if it took place orally. Pursuant to 17 U.S.C. § 204(a), there can be no oral transfer of a copyright. In order to be enforceable in this infringement action, it would have to be in writing. *Library Publications, Inc. v. Medical Economics Co.*, 548 F.Supp. 1231, 1234 (E.D.Pa.1982), *aff'd*, 714 F.2d 123 (3d Cir.1983).

■ In addition, 17 U.S.C. § 205(d) mandates that recordation of the transfer is a jurisdictional prerequisite to an infringement action. Failure to comply with that provision deprives the court of subject matter jurisdiction. *Nation's Choice Vitamin Co. v. General Mills, Inc.*, 526 F.Supp. 1014, 1017 (S.D.N.Y.1981). As a consequence, plaintiffs can not claim any rights to proceed in an infringement action that are derived from defendant Rohn's registration, and they now appear to have abandoned that contention.

■ Their new argument is that Rohn's Registration is invalid because he failed to state in his application that he as well as Kott and Bergazyn were joint authors and therefore all are entitled to registration of their claims to authorship on the works. Even if this were true, however, it would not be sufficient to give the court jurisdiction over the infringement claim. Pursuant to 17 U.S.C. § 411(a) as well as its predecessor, § 13, it has been held repeatedly that ownership of a copyright Registration is a jurisdictional prerequisite to an action for infringement. See *Vacheron & Constantin-Le Coultre Watches, Inc. v. Benrus*, 260 F.2d 637, 639–41 (2d Cir.1958) (Hand, J.); *Frankel v. Stein and Day, Inc.*, 470 F.Supp. 209, 212 n. 2 (S.D.N.Y.1979), *aff'd*, 646 F.2d 560 (2d Cir.1980); *G.P. Putnam's Sons v. Lancer Books, Inc.*, 251 F.Supp. 210, 213 (S.D.N.Y.1966); *Algonquin Music v. Mills Music, Inc.*, 93 F.Supp. 268, 268 (S.D.N.Y.1950). A complaint which fails to plead compliance with § 411(a) is defective and subject to dismissal. *Charron v. Meaux*, 60 F.R.D. 619, 624 (S.D.N.Y.1973). Although some courts have granted plaintiffs leave to file amended complaints which properly plead registration, *Frankel v. Stein and Day, Inc., supra; Charron v. Meaux, supra*, it is apparent that it would be fruitless in this case because the works already are registered by the defendants.

■ It is true that registration provides only prima facie evidence of validity. A Registration's validity is subject to judicial review and may be attacked by a *defendant* in an infringement action. See e.g., *Kieselstein-Cord v. Accessories by Pearl, Inc.*, 489 F.Supp. 732 (S.D.N.Y.), *rev'd on other grounds*, 632 F.2d 989 (2d Cir.1980); *Gardenia Flowers, Inc. v. Joseph Markovits, Inc.*, 280 F.Supp. 776 (S.D.N.Y.1968). There appears to be no provision, however, for a plaintiff not owning a Registration for the work at issue in an

infringement action to challenge the validity of a Registration owned by a defendant. Indeed, it appears that the only remedy for the non-registrant is to apply for registration and if the application is denied, the applicant may seek a writ of mandamus against the Register of Copyrights. *See e.g., Esquire, Inc. v. Ringer,* 591 F.2d 796 (D.C.Cir.1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1217, 59 L.Ed.2d 456 (1979); *Bailie v. Fisher,* 258 F.2d 425 (D.C.Cir.1958); *Twentieth Century-Fox Film Corp. v. Bouve,* 33 F.Supp. 462 (D.D.C.1940). *See also G.P. Putnam's Sons v. Lancer Books, Inc., supra,* 251 F.Supp. at 213–14 (no action for infringement without Registration, and where refusal to register, "sole remedy" is mandamus). Plaintiffs' authorities are not to the contrary. In all of the cases upon which plaintiffs rely, the plaintiffs had Registrations for their copyrights. Plaintiffs' claim that defendant's registration is invalid is not sufficient to overcome the jurisdictional defect in the complaint caused by their failure to plead ownership of a copyright Registration. As a result, this court is without subject matter jurisdiction to hear plaintiffs' copyright claim.

█ The copyright claim was the sole basis asserted for federal jurisdiction in this case. All the remaining claims in the complaint arise out of state law and are ones which the court could have heard pursuant to its pendent jurisdiction. Because the court has determined that it does not have jurisdiction over the sole federal claim, however, it does not have jurisdiction over the remaining state claims either. *Zerman v. Jacobs,* 510 F.Supp. 132, 136 (S.D.N.Y.), *aff'd,* 672 F.2d 901 (2d Cir.1981). The action, therefore, was removed to this court improperly.

█ The final question is the appropriate disposition of the case given the court's jurisdictional determinations. Defendants seek dismissal of the entire complaint. The court concludes that, lacking jurisdiction, it cannot consider the merits of defendants' motion to dismiss the remaining state claims. In addition, dismissal for lack of jurisdiction would be inappropriate in view of the fact that plaintiffs did not bring their complaint in this jurisdiction in the first instance. It is before this court only because defendants removed it here from the courts of the state of New York. Rather than dismiss the complaint in its entirety, the court will order the action remanded back to the state court from which it was removed improperly.

During the hearing on defendants' motion, counsel for both sides agreed that plaintiffs had printed the cards designed by defendant Christopher Rohn but had never distributed them. Defendants' copyright counterclaim is directed against these cards but because they were not being distributed, defendants were considering not pursuing their counterclaim at this juncture. In view of these circumstances, the court will dismiss defendants' counterclaim without prejudice when it remands plaintiffs' action.