**Lionel WALTERS, Plaintiff,**

v.

**SHARI MUSIC PUBLISHING CORPO-
RATION et al., Defendants.**

United States District Court
S. D. New York.
April 13, 1961.

See also 185 F.Supp. 408.

**308**

Theodore R. Kupferman, New York City, for plaintiff.

Rosston, Hort & Brussel, New York City, for defendants. George Brussel, Jr., and Edward Labaton, New York City, of counsel.

PALMIERI, District Judge.

Defendants' motion to dismiss this action is granted, not because this court lacks jurisdiction over the subject matter, cf. Harrington v. Mure, D.C.S.D.N.Y. 1960, 186 F.Supp. 655, but because, assuming the existence of jurisdiction, the propriety of its exercise has not been demonstrated.

Plaintiff's original complaint was framed as one for copyright infringement. His amended complaint, filed with leave of court, purports to set forth a state claim for abuse of confidential relationship. It is conceded that, on defendants' motion for summary judgment, plaintiff's claim for copyright infringement was dismissed on the merits, that diversity of citizenship is lacking, and that the only matter to be tried is the non-federal breach of confidential relationship claim.

 It is plaintiff's claim that the doctrine of pendent jurisdiction enunciated in Hurn v. Oursler, 1933, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, subsequently embodied in 28 U.S.C. § 1338(b), and further elaborated in a developing body of decisional law, see Nikanov v. Simon & Schuster, Inc., 2 Cir., 1957, 246

F.2d 501, 504, note 2, shelters his state claim against dismissal. The doctrine of pendent jurisdiction permits a federal court to adjudicate a state claim related to a pending federal cause of action. Although the pendent state claim is not otherwise cognizable in a federal court, the retention of both claims serves the interests of judicial economy and convenience of the parties and is justified by the policy of avoiding piecemeal litigation. Thus, it is entirely proper for a federal court to proceed with the determination of the state claim when, in the course of trial, and after the expenditure of considerable judicial effort, the supporting federal claim is found to be wanting in merit. See Telechron, Inc. v. Parissi, 2 Cir., 1952, 197 F.2d 757, 762, 763. However, there is a considerable difference between a federal claim which fails during trial and one which has been dismissed on pre-trial motion. In the latter situation—the one presented in this case—there has been no substantial commitment of federal judicial resources to the state claim at the time the federal claim is rejected. Since a federal court should not be eager to offer its facilities for the trial of a case which has lost its federal character, the appropriate course, as indicated by Judge Magruder in Strachman v. Palmer, 1 Cir., 1949, 177 F.2d 427, 433, 12 A.L.R. 2d 687, is to dismiss the action without prejudice. See 73 Harv.L.Rev. 138, 141–44 (1959). For "the dog would be wagged by his tail if plenary trial of an ancillary claim was compelled by a primary claim which [was] disposed of [prior to trial]." Hart & Wechsler, The Federal Courts and the Federal System 808 (1953). See Bell v. Hood, D.C.S.D. Cal.1947, 71 F.Supp. 813, 819–820.

Accordingly, the motion to dismiss this action is granted, but without costs,[1] and without prejudice to plaintiff's right to institute appropriate proceedings in the state court.[2]

So ordered.

1. See Fed.R.Civ.P. 54(d), 28 U.S.C. In view of plaintiff's apparent good faith in commencing his action in this court, I have determined not to allow costs.

2. See Fed.R.Civ.P. 41(b).