UNITED STATES of America, to the Use of HENDRY CORPORATION, Plaintiff,

v.

SMITH ENGINEERING AND CONSTRUCTION COMPANY, a Florida corporation, and United States Fidelity & Guaranty Corporation of Maryland, Defendants.

Civ. A. No. 1223.

United States District Court
N. D. Florida,
Pensacola Division.

April 7, 1965.

------◆------

M. William Graybill, Macfarlane, Ferguson, Allison & Kelly, and Stanley W. Rosenkranz, Tampa, Fla., for plaintiff.

Richard H. Merritt, Pensacola, Fla., for Smith Engineering & Construction Co.

Bert Lane, Beggs, Lane, Daniel, Gaines & Davis, Pensacola, Fla., for United States Fidelity & Guaranty Corp. of Md.

CARSWELL, Chief Judge.

The use plaintiff Hendry moves for summary judgment seeking to recover from defendants under the provisions of the Miller Act for labor and materials supplied to Smith Engineering and Construction Company pursuant to a written contract. The contractual relationship and obligations arising thereunder between Hendry and Smith have been determined in a chancery proceeding in the Circuit Court of Escambia County, Florida. A certified true copy of the final decree entered by the State Court on July 13, 1964 is incorporated by reference and made a part of the pleadings. United States Fidelity and Guaranty Corporation was not a party to the state litigation.

The following questions are raised:

Is the decision of the state case conclusive evidence as to the amount actually owed to plaintiff?

Is Hendry entitled to recover interest and attorney's fee, and, if so, in what amount?

United States Fidelity and Guaranty Corporation contends that the state case was not binding upon it since it was not joined in that proceeding. It does not, however, deny having knowledge of the state case. As a matter of fact, the attorney for Smith in the state was also the attorney of record for United States Fidelity and Guaranty Corporation at that time.

The controlling case law does not support the position of defendant surety. In the case of Lake County for Use and Benefit of Baxley v. Massachusetts Bonding and Insurance Co., 75 F.2d 6 (C.A.5, 1935), as cited with approval in Seaboard Surety Company v. Westwood Lake, Inc., 277 F.2d 397, at page 403 (C.A.5, 1960), the Court stated:

" * * * we think the true statement of the law is this: Where it appears that the judgment against the defendant was obtained in a suit of which the surety had full knowledge, and which it had full opportunity to defend, the judgment therein is not only evidence, but conclusive evidence, against every defense except that of fraud and collusion in obtaining it. (authorities) Where it is not made to appear that the surety knew of and had opportunity to defend the suit, then the judgment is prima facie evidence that the surety is liable, sufficient to support a verdict unless it is rebutted by proof on the part of the surety that it was obtained through fraud or collusion, or that the loss or liability created by the judgment arose from acts other than those indemnified against under the conditions of the bond."

The facts of the present case fall within the purview of this language. The

rule of Seaboard Surety Company, supra, is applicable. United States Fidelity and Guaranty Company is bound by the state case wherein the amount owed Hendry by Smith was found to be $78,689.92 exclusive of interest and costs.

With respect to the questions of interest and attorney's fees, the Court notes initially that:

"* * * in suits under the Miller Act, the recovery of interest, costs, and attorney's fees is governed by the state law." United States v. Texas Construction Company, 237 F. 2d 705 (C.A.5, 1955).

and also that:

"The Supreme Court of Florida has long recognized that in actions ex contractu it is proper to allow interest at the legal rate from the date the debt was due * * * The rule is that if it is finally determined that the debt was due, the person to whom it was due is entitled not only to the payment of the principal of the debt but to interest at the lawful rate from the due date thereof." Huntley v. Baya, 136 So.2d 248 (Fla. App. 3., 1962).

In accordance with this rule, the interest awarded plaintiff was computed by the state court at 6% per annum from June 21, 1961, the date on which the dispute between Smith and the Corps of Engineers was determined. The amount of interest that had accrued from June 21, 1961 until July 13, 1964, the entry date of the final decree, was calculated to be $14,423.87. The total amount of the State judgment for Hendry was thus $78,689.92 plus accrued interest of $14,-423.87, totalling $93,113.79. The Court concludes that the State judgment is binding on both defendants in this action, and does not, therefore, review here the alternative issue presented by defendant with respect to the computations leading to adjudication.

Finally, is Hendry entitled to an award for attorney's fee?

Defendant United States Fidelity and Guaranty Corporation asserts four separate grounds which it says compels a negative answer: (1) The contract was executed in the State of Alabama, not in the State of Florida. This bare fact is meaningless in the context here. First the Miller Act itself requires that all suits brought thereunder be brought "in the United States District Court for any district in which the contract was to be *performed* and executed and not elsewhere * * *." Under the doctrine of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1937), therefore, the substantive law of Florida controls, and this is so with respect to any issues with respect to interest. See United States v. Continental Casualty Co., 303 F.2d 91 (C.A.4, 1962). Under this same rationale it seems clear that the allowance of attorney's fee is a matter controlled by the law of the state wherein the contract was to be performed, in this case, the law of Florida.

Secondly, defendant United States Fidelity and Guaranty Corporation objects to the allowance of attorney's fee by pointing to the fact that the applicable Florida statutes (F.S. § 627.0905, F.S.A., and F.S. § 627.0127, F.S.A.) were enacted after the execution of the bond, and contending, therefore, that their language cannot be read into the language of the bond itself.

This argument overlooks the basic nature of these legislative requirements. They are, as the Florida courts have made quite clear, enacted under the state's exercise of police power and are, fundamentally, in the nature of a penalty.

"The statute provides that, upon rendition of a judgment or decree by [a Florida court] against any life or fire insurance company * * * there shall be adjudged or decreed against such insurance company * * * a [reasonable atttorneys' fee for plaintiff's attorneys] * * "The attorneys' fees provided for in our statute are in the nature of a penalty * * *. The statutes are sustained under the doctrine that

attorneys' fees may be imposed * * * under the police power of the state as a kind of penalty incurred in the conduct of a business affected with a public interest." United States Fire Ins. Co. v. Dickerson, 82 Fla. 442, 90 So. 613, 615, 616 (1921).

 All contracts are subject to regulation by the valid exercise of police power of a state, even the future exercise of such power if it is designed to protect the general welfare. See East N. Y. Savings Bank v. Hahn, 326 U.S. 230, 66 S.Ct. 69, 90 L.Ed. 34.

The subject Florida statutes are manifestly in such category, and the fact of their enactment subsequent to the signing of the contract here is of no consequence.

Finally, defendant United States Fidelity and Guaranty Corporation contends that Section 627.0905 is applicable only to payment bonds "written by the insurer under the laws of Florida." It says that the bond here was written to comply with Federal law, i. e., the Miller Act, and without respect to the laws of Florida.

The Court concludes that this Florida statute is not to be construed so narrowly. Its impact is not limited to bonds required by the State of Florida. In any event the Florida legislature has put down the affirmative requirement in F.S. § 624.11, F.S.A., that:

"No person shall transact insurance in Florida, or *relative* to a subject of insurance * * * *to be performed in Florida without complying with the applicable provisions of this code.*" (Emphasis added.)

The Court also notes in this connection that the United States District Court for the Middle District of Florida has held attorneys fees to be recoverable in Florida under the Miller Act. See Baldwin-Lima-Hamilton Corporation v. United States Fidelity and Guaranty Company, wherein Judge Simpson squarely held attorney's fees recoverable, in Florida,

under the Miller Act. See Florida Bar Journal, April, 1963, p. 221.

In accordance with Rule 56 of the Federal Rules of Civil Procedure, the Court concludes that use plaintiff is entitled to summary judgment on the issues raised by the complaint as amended since the Court finds on the basis of the pleadings, affidavits and the exhibits attached thereto, that it is affirmatively shown that there is no genuine issue as to any material fact and that the use plaintiff is entitled to judgment as a matter of law.

It is, therefore, upon consideration, hereby

Ordered that motion of the use plaintiff for summary judgment be and it is hereby granted for the use plaintiff and against the defendants, jointly and severally.

Judgment will be entered accordingly.