UNITED STATES of America, to the Use of CLAUDE C. WOOD COMPANY, a California corporation, Plaintiff,

v.

GENERAL INSURANCE COMPANY OF AMERICA, a Washington corporation, Hooker Paving Materials Co., a California corporation, Hooker Paving Co., a California corporation, Hooker Sales Company, a California corporation, and Hooker Company, a California corporation, individually and as copartners doing business under the name and style of Hooker Company, a copartnership, Defendants.

Civ. No. 9146.

United States District Court
N. D. California, N. D.
Nov. 16, 1965.

544

Litts, Mullen & Perovich, Lodi, Cal., and Wilke, Fleury & Sapunor, Sacramento, Cal., for plaintiff.

Monteleone & McCrory, Los Angeles, Cal., for defendants.

HALBERT, District Judge.

■ In this action brought under the Miller Act (Title 40 U.S.C. § 270a et seq.) to recover on a subcontractor's surety bond issued by defendant insurance company, use plaintiff has filed a motion by which it seeks to recover attorneys' fees. Before the case came on for trial, the parties notified the Court that the litigation had been settled except for the matter of attorneys' fees and they therefore requested, by way of motion, that this Court determine the amount of such fees. Defendants object to the motion on the ground that they are not liable for attorneys' fees. The Court has studied the memoranda filed by the parties and is of the view that the motion before the Court presents a difficult question of federal jurisdiction that apparently has gone unnoticed by the parties. Since this Court is a court of limited jurisdiction, it must, on its own motion, raise such jurisdictional questions as may be present even though they are not raised by the parties (Mansfield, C. & L. M. Railway Co. v. Swan, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462; Brandt v. Bay City Super Market, D.C., 182 F. Supp. 937). This Court is obliged to proceed on the assumption that it lacks jurisdiction until it is affirmatively demonstrated that jurisdiction exists (Turner v. Bank of North America, 4 Dall. 8, 1 L.Ed. 718; Brandt v. Bay City Super Market, supra).

Federal jurisdiction in this case was initially grounded on Title 40 U.S.C. § 270b which states that actions brought pursuant to that title "shall be brought * * * in the United States District Court for any district in which the contract was to be performed and executed * * *." The original complaint included a claim for attorneys' fees in addition to the demand for payment under the

surety bond. Had the case gone to trial, there is little doubt that if use plaintiff had prevailed, this Court would have had authority to award attorneys' fees as prayed for in the complaint, notwithstanding the lack of specific statutory authority to do so (See: United States for Benefit and on Behalf of Sherman v. Carter, 353 U.S. 210, 77 S.Ct. 793, 1 L. Ed. 2d 776; Sam Macri & Sons, Inc. v. United States, 9 Cir., 313 F.2d 119). Whether this Court may determine that same issue when the basic federal question has been mooted by a settlement agreement is the question now presented.

■ There are two theories (both of which are relied upon by use plaintiff) upon which this Court might be deemed to have authority to grant attorneys' fees in cases brought under the Miller Act, viz.: (1) as an element of "costs" under the authority of Rule 54(d), Federal Rules of Civil Procedure; or (2) as a contractual liability based upon the subcontracting agreement. Clearly, an award of attorneys' fees under the authority of Rule 54(d) would be at variance with the general and well-established rule that attorneys' fees are not taxable as costs except in exceptional and compelling cases (See, e. g.: Sprague v. Ticonic National Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184). While exceptional and compelling circumstances might be present in a given Miller Act case, there is nothing inherent in the nature of those cases which would give this Court the general authority to award attorneys' fees under Rule 54(d). The second ground relied upon by use plaintiff has, however, been accepted by a majority of the courts that have dealt with the problem. Where the basic subcontracting agreement makes provisions for such an award, attorneys' fees have been granted as an ancillary matter (See, e. g.: United States for Use and Benefit of Caldwell Foundry & Mach. Co. v. Texas Construction Co., 5 Cir., 237 F.2d 705).

■ It should be noted, however, that when the Court does award attorneys' fees in Miller Act cases it can do so *only*

as a matter of ancillary jurisdiction. Since Title 40 U.S.C. § 270b grants jurisdiction to the federal courts solely to determine the issues arising out of the bonding agreement securing a subcontract protected by the Miller Act, and not those arising out of the subcontract itself, the Court has jurisdiction to decide the issue of attorneys' fees, if at all, only by virtue of the doctrine of pendent jurisdiction (Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148). While the courts that have exercised their authority to grant attorneys' fees in Miller Act cases have not generally expressed the jurisdictional foundation for the exercise of that authority, it cannot be doubted that they have necessarily done so under that doctrine (See, e. g., United States for Use of Dixie Plumbing Supply Co. v. Taylor, 5 Cir., 293 F.2d 717; United States to Use of Hendry Corp. v. Smith Engineering and Construction Co., D.C., 240 F.Supp. 189; and United States for Use and Benefit of Puget Sound Dredging Co. v. Elwin, D.C., 219 F.Supp. 418).

The doctrine of pendent jurisdiction derives from Chief Justice Marshall's statement in Osborn v. Bank of United States, 9 Wheat. 738, 823, 6 L.Ed. 204:

> "We think, then, that when a question to which the judicial power of the United States is extended by the constitution, forms an ingredient of the original cause, it is in the power of Congress to give the circuit courts jurisdiction of that cause, although other questions of fact or law may be involved in it."

■ As Chief Justice Marshall's statement was developed by the federal courts, it came to be a means by which issues which arose out of a valid federal cause of action could be litigated in the federal courts even though such issues, in and of themselves, were not properly the subject of federal jurisdiction (Hurn v. Oursler, supra). The doctrine of pendent jurisdiction comes into play where either (1) such jurisdiction is necessary for a federal court to effec-

tively deal with those cases that present both state and federal issues, or (2) there is no valid reason to have double litigation of an issue that can be settled in the case at bar. In either instance, the federal courts should exercise their ancillary jurisdiction to terminate the litigation expeditiously (See: Hart and Wechsler, The Federal Courts and the Federal System, 802–809; and see the concurring opinion of Judge Magruder in Strachman v. Palmer, 1 Cir., 177 F.2d 427). It is axiomatic, however, that the above policy determinations ought to be strictly applied. The doctrine of pendent jurisdiction was never intended, nor should it be used, as a free ticket to federal jurisdiction. The court must look at the facts of each case and determine on that basis whether the issues are so inexorably tied together that both ought to be determined in the federal litigation.

▋ In the case at bar plaintiff asserts its right to attorneys' fees by way of the basic contract between use plaintiff and the prime contractor. There is no assertion that the surety bond made provision for the collection of attorneys' fees, and since that bond is all that is brought in issue under the Miller Act, it is clear that the determination of attorneys' fees must depend upon pendent jurisdiction.[1] Since that doctrine is the exception to the general rules of federal jurisdiction, this Court is of the view that it does not apply in a case, such as the one at bar, where the sole federal issue has become moot prior to trial.

▋ The propriety of the above result finds substantial support in the case law. In Walters v. Shari Music Publishing Corp., D.C., 193 F.Supp. 307, Judge Palmieri dismissed a pendent non-federal issue where the federal question had been dismissed on the merits by way of summary judgment. Judge Palmieri noted that:

"* * * there is a considerable difference between a federal claim which fails during trial and one which has been dismissed on pretrial motion. In the latter situation —the one presented in this case— there has been no substantial commitment of federal judicial resources to the state claim at the time the federal claim is rejected." (193 F. Supp. at 308)

The result reached in Walters seems to be proper and is supported by other authority (See, e. g., Strachman v. Palmer, supra; Mass. Universalist Convention v. Hildreth & Rogers Co., 1 Cir., 183 F.2d 497; and Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939, on remand, D.C., 71 F.Supp. 813). Had this case gone to trial, the issue of attorneys' fees would conceivably have been a necessary part of that litigation, but where the basic issue has been mooted by a settlement agreement, there is no federal issue to which an ancillary non-federal claim may attach. To hold otherwise would be to wag the jurisdictional dog by his nonjurisdictional tail, thus bringing about a plenary trial of an ancillary non-federal claim. Such a procedure would be improper and clearly subject to jurisdictional attack upon appeal. The Court therefore holds that where the sole federal issue becomes moot, by settlement or otherwise, jurisdiction no longer attaches to non-federal claims that might have been cognizable had the case gone to trial (See, e. g., Bell v. Hood, D.C., 71 F. Supp. 813; Note, Jurisdiction in Federal Courts Over Non-Federal Claims When Joined With a Federal Question, 52 Yale L.J. 922 (1943); compare Strachman v. Palmer, supra). Accordingly, the Court is left with no course but to deny use plaintiff's motion for the determination of attorneys' fees and dismiss the complaint on the ground of mootness, but without prejudice to its proper filing in an appropriate court (See: Frothingham v. Mellon, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078; Walters v. Shari Music Publishing Corp., supra).

---

1. Use plaintiff also alleges that the settlement agreement provides a contractual basis for the award of attorneys' fees. It is clear that determination upon that basis must also depend upon the doctrine of pendent jurisdiction.

It is, therefore, ordered that use plaintiff's motion for the determination of attorneys' fees be, and the same is, hereby denied;

And it is further ordered that use plaintiff's complaint, and the cause of action sought to be set forth therein, be, and the same is, hereby dismissed without prejudice.