**Esther FORBUSH**

v.

**R. S. AUDLEY INC.**

Civ. A. No. 2698.

United States District Court
D. New Hampshire.

Nov. 4, 1966.

James M. Winston, Manchester, N. H., for plaintiff.

Eaton, Eaton, Ross & Moody, Robert I. Eaton, Manchester, N. H., for defendant.

## ORDER ON PLAINTIFF'S MOTION TO AMEND PLEADINGS

CONNOR, District Judge.

In the complaint, the plaintiff seeks under her first cause of action to recover from the defendant certain overtime pay and liquidated damages to which she is allegedly entitled by virtue of the overtime pay and penalty provisions of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 207(a) (1) and § 216(b). Under a second cause of action, the plaintiff seeks to recover from the defendant damages incurred when the defendant allegedly violated the Equal Pay Act of 1963, 29 U.S.C.A. § 206(d) (1), and to recover any liquidated or other damages allowed by statute under these circumstances.

The plaintiff moves the Court to permit her to amend her pleadings by adding thereto a third cause of action in which she alleges that the defendant owes her a certain sum of money for vacation pay. Although amendments to pleadings are to be "freely given" when sought in good faith and when undue prejudice will not result to the other party, Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 such amendments are not proper if they introduce into the suit causes of action over which the Federal District Court has no jurisdiction. The plaintiff initially brought this suit under certain federal statutes which provide her with two federal causes of action. She cannot now, under the doctrine of pendent jurisdiction or under any other doctrine, amend her complaint to add a third non-federal cause of action in contract to recover vacation pay. The United States Supreme Court in Hurn v. Oursler, 289 U.S. 238, 245–246, 53 S.Ct. 586, 589, 77 L.Ed. 1148 stated: "But the rule [*i. e.* of pendent jurisdiction] does not go so far as to permit a federal court to assume jurisdiction of a separate and distinct non-federal cause of action because it is joined in the same complaint with a federal cause of action. The distinction to be observed is between a case where two distinct grounds in support of a single cause of action are alleged, one only of which presents a federal question, and a case where two separate and distinct causes of action are alleged, one only of which is federal in character. In the former, where the federal question averred is not plainly wanting in substance, the federal court, even

though the federal ground be not established, may nevertheless retain and dispose of the case upon the non-federal *ground*; in the latter it may not do so upon the non-federal *cause of action*." See also Strachman v. Palmer, 177 F.2d 427 (C.A. 1st Cir. 1949).

The plaintiff's motion is denied.