Carol **MATTINGLY**, Individually, and her minor children, Patricia E. Mattingly et al., Appellees.

v.

Gabriel **ELIAS** et al., Carol Mattingly et al., Appellants.

No. 71–1562.

United States Court of Appeals, Third Circuit.

Argued May 3, 1973.

Decided July 9, 1973.

Michael A. Klimpl, John C. Marston, Bucks County Legal Aid Society, Doylestown, Pa., for appellants.

William J. Carlin, Begley, Carlin, Mandio, Kelton & Popkin, Bristol, Pa., for appellee.

Stephen C. Miller, Asst. Atty. Gen., F. John Hagele, Deputy Atty. Gen., J.

Shane Creamer, Atty. Gen., for Com. of Pa., amicus curiae.

Before HUNTER and WEIS, Circuit Judges, and SCALERA, District Judge.

## OPINION OF THE COURT

### PER CURIAM:

Holding that it lacked federal jurisdiction, the district court dismissed appellants' action. Mattingly v. Elias, 325 F.Supp. 1374 (E.D.Pa.1971). Appellants claim that various practices of their landlords and the landlords' employees violate 42 U.S.C. § 1983 and that the district court did have jurisdiction under 28 U.S.C. § 1343(3).[1]

Appellants' original complaint may be divided into three areas. One, they alleged that appellees Gabriel Elias and the Northchester Corporation employed a deputy constable, appellee Daniel Shea. Under color of his state office, appellee Shea allegedly performed various illegal acts, including forcibly entering homes, removing goods and selling them at private sales, conducting illegal constable sales, and removing electric and water meters. The acts were allegedly conducted in a conspiracy with the other appellees.

Two, they alleged that dwellings provided by their landlords had many serious deficiencies which made them almost uninhabitable. The district court's opinion vividly portrays the poor living conditions. Appellants asked that a warranty of habitability be implied by the district court in the lease agreements between appellants and appellees. They also asked for a declaration that the present lease which they must sign is unconscionable and void.

Three, they alleged that appellees took retaliatory action against appellants who sought legal counsel, who became active in community groups, or who reported violations of health and housing codes to local authorities. Mattingly v. Elias, *supra* at 1379. They asked for injunctive relief against this practice.

The first series of allegations concerning the actions of the constable were disposed of five months prior to the district court's opinion by a stipulation between the parties approved by the court on November 23, 1970 in the form of an injunction against appellees.[2]

The district court then held that there was no jurisdiction on which appellants could base their claims for declaration of a warrant of habitability and for declaration of the lease as unconscionable. It dismissed these claims with prejudice.

As to appellants' retaliatory eviction claim, the court held that:

"The present record does not indicate whether the plaintiffs have raised the defense of retaliatory eviction in any state court proceeding. Before this defense is raised and rejected in state court proceedings, it would be inappropriate for this Court to issue an injunction against any threatened retaliatory eviction by the defendant." Mattingly v. Elias, *supra* at 1384.

It then denied appellants' motion for injunctive relief without prejudice.

Appellants challenge the dismissal of their claims for declaratory relief and the denial of their claim for injunctive relief. Neither side is presently contesting the order of November 23, 1970.

---

1. Appellees neither submitted a brief nor appeared before the Court in oral argument on this appeal.

2. The order reads as follows:
"And Now, to wit, this 23rd day of Nov. 1970, it is hereby ordered that defendants, Northchester Corporation, Gabriel Elias, Daniel J. Shea, Harold Ayers, and Bella Angel, their agents, servants and employees are hereby enjoined:

"a. From holding any constable sales or threatening to hold constable sales on goods of any tenant at Warminister Heights based on a landlord distraint of goods.
"b. From removing any utility service from any tenant's housing unit for any purpose other than emergency or repairs unless defendant has first obtained an Order of Possession through appropriate legal process."

## WARRANTY OF HABITABILITY, ETC.

We affirm the dismissal of those portions of the complaint dealing with appellants' claims for a warranty of habitability and for a declaration that the lease is unconscionable. Appellants contend, among other things, that a constable abusing his office in conspiracy with others is a classic § 1983 case. *See* Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945); Griffin v. Maryland, 378 U.S. 130, 84 S.Ct. 1770, 12 L.Ed.2d 754 (1964); and Gillibeau v. City of Richmond, 417 F.2d 426, 430 (9th Cir. 1969). They argué that the district court thus had original federal jurisdiction over these portions of the complaint and that it had jurisdiction over the rest of the complaint via the doctrine of pendant jurisdiction.

As the district court recognized, Mattingly v. Elias, *supra* at footnote 27, the stipulation of November 23, 1970 mooted those portions of the complaint dealing with the actions of the constable. It was therefore appropriate for the district court not to adjudicate appellants' non-federal claims. United States to Use of Claude C. Wood Co. v. General Insurance Co. of America, 247 F.Supp. 543 (N.D.Cal.1965). 6 Wright and Miller, Federal Practice and Procedure, Civil § 1588 at 814–815 (1971). Pendant jurisdiction is a matter of judicial discretion, not a party's right, United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); and there is a serious question as to whether that discretion could properly have been exercised in favor of appellants had the district court been so inclined.[3]

We have reviewed appellants' other arguments in relation to these portions of the complaint, and we find no merit in them. The judgment of the district court on these matters will therefore be affirmed.

## RETALIATORY EVICTION

With all due deference to the district court, we think it was error for that court to require appellants to present their claim for relief against alleged retaliatory evictions in the state courts. There is no indication by the court of any on-going state proceeding which would be interfered with by an adjudication of this issue. Nor does it appear that there is any Pennsylvania statute in question whose constitutionality could be "saved" by an interpretation by the state's courts. In these circumstances, this case is governed by our decision in Lewis v. Kugler, 446 F.2d 1343 (3d Cir. 1971), decided after the district court handed down its decision.

Accordingly, the judgment of the district court dismissing appellants' complaint will be affirmed as to all portions of the complaint other than those dealing with appellants' claim for relief against alleged retaliatory evictions, and the judgment of the district court will be reversed solely as to those portions of the complaint dealing with retaliatory evictions.[4] The case will be remanded to the district court to hear those claims.

---

3. As the Supreme Court said in United Mine Workers of America v. Gibbs, 383 U.S. 715, 726–727, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966):

   "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." (Footnotes omitted).

4. By this we are not deciding that the state action necessary for jurisdiction is present here. This will be determined on remand.