## ROSEDALE v. NEWS SYNDICATE CO., Inc., et al.

District Court, S. D. New York.

April 17, 1941.

Charles E. Kaplan, of Brooklyn, N. Y., for plaintiff.

Edward G. Roe, of New York City, for defendant.

KNOX, District Judge.

A motion has been made to dismiss the complaint. The action, based upon the Copyright Laws, 17 U.S.C.A. § 1 et seq., seeks an injunction and damages for the infringement of a certain work of art which, plaintiff contends, is protected by copyright.

Section 11 provides for the copyright of works of art which are not to be reproduced for sale. It appears that in 1929 the artist whose work is here involved, and which, at that time, had not been reproduced, secured the protection afforded by that section of the law.

Section 12 prescribes the conditions necessary to protect a work reproduced for sale. It is therein required that two copies of the work be deposited in the copyright office or mailed to the Register of Copyrights, accompanied by a claim of copyright. It was then stated: "No action or proceeding shall be maintained for infringement of copyright in any work until the provisions of this title with respect to the deposit of copies and registration of such work shall have been complied with."

By Section 55, the Register of Patents is directed to issue a certificate to any one entitled thereto who has complied with the provisions of Title 17.

It sufficiently appears that here there has not been full compliance with all the statutory requirements respecting deposit and registration. The plaintiff, notwithstanding his insistence that he has made a proper deposit of two copies of the work, admits that he is without certificate of registration. His position is that he has substantially complied with the demands of the Copyright Act, and from the affidavits, he appears to have attempted to do so.

However, the decisions are that the deposit of two copies under Section 12, and registration under Section 55, are conditions precedent to the right to maintain an action of this character. Lumiere v. Pathe Exchange, Inc., 2 Cir., 275 F. 428. There, as in this case, no appropriate registration had

been issued, and the certificate held by plaintiff was for the unpublished work only. The court held that the action could not be maintained until the proper registration had been procured.

If this were a suit where the conditions precedent had been satisfied after its institution, it would be proper to direct the plaintiff to file a supplemental complaint. But from what appears here, the plaintiff could not replead to correct the defect because he yet lacks proper registration.

In view of the plaintiff's apparent efforts to comply with the statute, I will dismiss the complaint without costs, and without prejudice, as was done in the Lumiere case, supra.

Submit order.