Mark **CHARRON**, Plaintiff,

v.

**Huey P. MEAUX, d/b/a Crazy Cajun Music, et al.,** Defendants.

No. 71 Civ. 4876.

United States District Court,
S. D. New York.

Oct. 11, 1973.

Karpatkin, Ohrenstein & Karpatkin, New York City, for plaintiff; John E. LeMoult, New York City, of counsel.

Feinman & Krasilovsky, New York City, for all defendants except Huey P. Meaux d/b/a Crazy Cajun Music; Andrew J. Feinman, New York City, of counsel.

## MEMORANDUM

LASKER, District Judge.

This is an action for damages for breach of contract and copyright infringement and for rescission. The parties are in substantial agreement as to many of the facts regarding the relations between them. Certain facts, however, are disputed, and, of course, the conclusions drawn by the parties differ.

The broad outlines of the dealings among the parties are as follows. Plaintiff, Mark Charron, and Huey P. Meaux d/b/a Crazy Cajun Music entered into a contract by which Charron agreed to assign the title and rights to some of his compositions to Meaux in return for royalties. Meaux assigned a one-half interest in some of these compositions to Flomar Music Publishing, Inc. ("Flomar"), which assigned the rights thus acquired to Renleigh Music, Inc. ("Renleigh"). Recordings of some of Charron's compositions were produced by Scepter Records, Inc. ("Scepter"), a wholly-owned affiliate of Flomar. Performances of Charron's compositions were licensed by Broadcast Music, Inc. ("B.M.I.").

Charron seeks an accounting and damages from Meaux, Flomar and Renleigh for the amounts they received as a result of performances of his music and damages from all the defendants for copyright infringement. He further demands a declaratory judgment that the actions of defendants, Meaux, Flomar and Renleigh, constitute grounds for rescission of the copyright assignments and an injunction against future copyright infringement by any of the defendants.

Meaux has never been served and, accordingly, is not a party to the suit. The other defendants make what can best be described as a blunderbuss motion to dismiss or for summary judgment dismissing the complaint. They seek dismissal as to all defendants, pursuant to Rule 19(b), Fed.R.Civ.P., on the ground that Meaux is an indispensable party, who has not been served and is without the jurisdiction of the court. As to B.M.I. and Scepter, dismissal is sought because the complaint does not allege compliance with copyright registration laws as required by 17 U.S.C. § 13. Summary judgment dismissing the complaint is sought as to Flomar and Renleigh on the following grounds: 1) As a matter of law, Charron is not entitled to rescission; 2) Charron's claim is barred because of laches; 3) Flomar and Renleigh are not liable for Meaux' breach of contract; and 4) Charron was an employee of Meaux when the compositions were written, and as such can only recover against Meaux.

### I. Failure to Join an Indispensable Party.

We turn first to the only proposed ground for dismissal which is applicable to all defendants, that Meaux is an indispensable party, who indisputedly has not been served and is without the jurisdiction of the court.

■ Rule 19(a) of the Federal Rules of Civil Procedure provides that

"[a] person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest."

Such a person is termed a necessary party. We think that Meaux' position as first assignee in the chain of assignment warrants a finding that he is, indeed, a necessary party.

■ It does not follow automatically from this conclusion, however, that Charron's inability to join him mandates the dismissal sought by defendants. To the contrary, "[t]he rule is that if the merits of the cause may be determined without prejudice to the rights of necessary parties, absent and beyond the jurisdiction of the court, it will be done; and a court of equity will strain hard to reach that result." Bourdieu v. Pacific Western Oil Co., 299 U.S. 65, 70, 57 S. Ct. 51, 53, 81 L.Ed. 42 (1936).

Rule 19(b) provides guidelines to the determination whether a necessary party is indispensable:

"The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."

Analyzing the problems posed by distinguishing necessary and indispensable parties, the Court of Appeals for the First Circuit said in Stevens v. Loomis, 334 F.2d 775, 777 (1st Cir. 1964):

"[T]rue indispensable parties are only those whose interests could not be excluded from the terms or consequences of the judgment and leave anything, or appreciably anything, for the judgment effectively to operate upon, as where the interests of the absent party are inextricably tied in to the cause, . . . or where the relief really is sought against the absent party alone. . . . In other words, if there may be a viable judgment having separable affirmative consequences with respect to the parties before the court, and the inquiry is concerned solely with the inequities, in the light of the total circumstances, resulting from the inability to affect absent interested parties, then such other parties should be defined as merely necessary, not indispensable."

Turning to the case at hand, we think that Meaux, although necessary, is not indispensable as a party. Taking the factors listed in Rule 19(b), we cannot conclude that "in equity and good conscience", the action cannot proceed without Meaux.

■ First, and most important, putting aside the question of rescission, which we discuss later, we can conceive of no prejudice to Meaux himself, nor do defendants suggest any, which might result from a suit for damages, and injunctive relief against the remaining defendants alone. He will not thereby be obligated to pay damages either to plaintiff or, by way of recoupment, to defendants; such an obligation could result only from a separate suit in a court having jurisdiction over him, in which he would have an opportunity to present

his defenses. Defendants, particularly Flomar and Renleigh, rely most heavily on the argument that Meaux' absence may prejudice them, because Meaux may have already paid Charron all the royalties to which he was entitled, in which case Charron would have recovered twice and they would be obliged to sue Meaux to recoup their losses. Clearly, Charron can only recover from Flomar and Renleigh the sums, if any, which he can prove that they themselves were obligated to pay him. If he cannot establish that there was a period of time when Renleigh and Flomar having assumed the obligations under the contract, failed to discharge them, he cannot recover damages from them. The dispute between the parties before the court can and must be narrowed to such a period, excluding any periods either when Meaux alone was obliged to pay royalties or when it is unclear whether Meaux or Flomar or Renleigh were so obligated. As to the former period, no recovery would be warranted against Flomar or Renleigh; as to the latter, it would be inequitable to allow recovery in the absence of Meaux, since Flomar and Renleigh's defense would be severely hampered by this absence.

Charron claims, however, that there remains a substantial period of time during which Flomar and Renleigh, knowing that royalties were not being paid by Meaux, were aware of their obligations to Charron and refused to abide by them. If this is true (and we must assume so for the purposes of this motion), and is proven at trial, damages arising from this failure can be recovered in Meaux' absence without prejudice to Flomar and Renleigh and a judgment rendered in Meaux' absence would be adequate as between the parties before us.

As to the final factor suggested by Rule 19(b), it is clear that Charron does not have an adequate remedy if the suit here is dismissed for nonjoinder. Charron's only remedy would be to commence a new suit against Meaux in Texas, where recovery of some if not all of the royalty payments would now be barred by the statute of limitations. Furthermore, there appears to be some question as to whether Meaux would be financially able to satisfy a judgment against him. Thus, dismissal would leave Charron without a remedy, since the present defendants would presumably not be subject to suit in Texas. Accordingly, we conclude that, as to damages and injunctive relief, Meaux is not an indispensable party and the suit can proceed without him.

■ We reach a contrary conclusion, however, on Charron's request for a declaratory judgment that the acts alleged in the complaint constitute grounds for rescission. It is settled that a court has the power to rescind a contract in the absence of one of the contracting parties only if "the rights of those before the Court are completely separable from the rights of those absent, otherwise the latter are indispensable parties." Shields v. Barrow, 58 U.S. (17 How.) 129, 15 L. Ed. 158 (1854); accord, Updegrave v. Reliance National Investors Corp., 337 F.2d 604, 605 (9th Cir. 1964). See also Richmond Lace Works, Inc. v. Epstein, 31 F.R.D. 150 (S.D.N.Y.1962); Spanner v. Brandt, 1 F.R.D. 555 (S.D.N.Y.1941).

The rights of the defendants who are before us, Flomar and Renleigh, derive solely and directly from the absent defendant, Meaux, through assignment of the latter's contracts with Charron. Furthermore, Meaux did not assign all his rights under the contracts, but only a one-half interest in them. Accordingly, his rights and those of the present defendants are inextricably involved and the contracts could not be rescinded without affecting his remaining interest in them. This result cannot be reached in his absence without offending the principles enunciated in Rule 19(b), and, accordingly, we find that Meaux is an indispensable party as to that claim.

## II. Failure to Allege Compliance With the Copyright Registration Laws.

Defendants, Scepter and B.M.I., move to dismiss the copyright infringement claim against them for failure to comply with 17 U.S.C. § 13, which provides:

> "No action or proceeding shall be maintained for infringement of copyright in any work until the provisions of this title with respect to the deposit of copies and registration of such work shall have been complied with."

██ Deposit and registration are clearly prerequisites to a suit for copyright infringement. Roth Greeting Cards v. United Card Co., 429 F.2d 1106 (9th Cir. 1970); Rosedale v. News Syndicate Co., 39 F.Supp. 357 (S.D.N.Y. 1941). Failure to comply with the requirements of the statute bars suit and failure to allege compliance renders the complaint defective. However, if the statutory conditions have in fact been satisfied, suit may be maintained, if the pleading defect is corrected by an amended or supplemental complaint, which relates back to commencement of the suit. Roth Greeting Cards, supra; Rosedale, supra.

██ The complaint here does not allege compliance with the copyright registration and deposit requirements. Accordingly, the motion to dismiss the copyright infringement claims is granted. However, since there has been no showing that correction of the defect at this time would prejudice defendants, dismissal is ordered without prejudice to plaintiff's filing an amended or supplemental complaint within 20 days of the filing of this opinion.

Scepter and B.M.I. argue that the only claim against them is that for copyright infringement, and, accordingly, that as to them the complaint must be dismissed in its totality. Although Charron, in his papers opposing summary judgment, claims to be seeking recovery against Scepter for breach of contract and against B.M.I. for breach of a fiduciary obligation, as well as for copyright infringement, this is nowhere reflected in the complaint. Accordingly, dismissal of the copyright infringement claim constitutes dismissal of Charron's sole claim against B.M.I. and Scepter. However, as noted above, such dismissal is without prejudice to amendment or supplementation.

## III. Miscellaneous Other Grounds.

We come finally to Flomar and Renleigh's motion for summary judgment dismissing the complaint as to them, which is based on a variety of grounds. To the extent that the motion relates to the claim for rescission, our conclusion that the claim must be dismissed for failure to join an indispensable party makes further discussion unnecessary.

██ As to the other claims against them, Flomar and Renleigh argue that they are barred by the doctrine of laches. Their brief on this point is unsupported by any authority and makes no showing whatever of unexcused delay by plaintiff or likelihood of prejudice to them, and we find this ground to be without merit.

██ Second, Flomar and Renleigh argue that as assignees they are not liable for Meaux' breach of contract, because there was no privity of contract between them and Charron. This claim is negated both by the contracts between Charron and Meaux, which provide that assignment is permitted only if the assignee assumes the obligations of the assignor, and the contract between Meaux and Flomar, which recognizes an obligation to pay royalties to Charron. At the very least, it is obvious that there is a genuine issue of material fact as to contract privity which precludes the grant-

ing of summary judgment in Flomar and Renleigh's favor.

Finally, Flomar and Renleigh claim that the employer-employee relationship between Meaux and Charron at the time Charron composed the copyrighted songs resulted in the copyrights belonging to the former, the latter having no interest in them. They rely for this proposition on Nimmer's Law of Copyright § 62, which discusses the provision in 17 U.S.C. § 26 that "the word 'author' shall include an employer in the case of works made for hire." However, as the Nimmer treatise aptly states in a passage not quoted by defendants:

> "[I]n practice there is no question but that an employer and employee may and often do agree that the copyright shall remain in the employee (without any requirement of an assignment by employer to employee) subject to a right of the employer to be exclusively licensed to use the work in particular media. The foregoing provision of Sec. 26 must be read as creating a presumption of copyright in the employer which may be rebutted only by a preponderance of evidence of a contrary agreement as between the parties." Nimmer, Law of Copyright, § 62.1 (footnote omitted).

The contracts between Charron and Meaux appear on their face to rebut the presumption. Certainly, they preclude the granting of summary judgment.

Accordingly, defendants' motion to dismiss the claim for a declaratory judgment regarding rescission is granted. Flomar and Renleigh's motion for summary judgment dismissing the complaint is in all other respects denied. The complaint is dismissed as to Scepter and B. M.I. with leave to plaintiff to file an amended or supplemental complaint within ten days.

It is so ordered.