**FRADKIN BROTHERS FURNITURE VILLAGE, INC., Stanley Fradkin, as Trustee of the Fradkin Brothers Furniture Village, Inc. Profit Sharing Plan, and Robert Fradkin, as Trustee of the Fradkin Brothers Furniture Village, Inc. Profit Sharing Plan, Plaintiffs,**

v.

**BRADFORD TRUST COMPANY, Defendant.**

**No. 81 CIV. 571 (MP).**

United States District Court, S. D. New York.

April 10, 1981.

---

Weil, Gotshal & Manges, New York City, for plaintiffs; Freishtat, Schwartz & Sandler, by David Freishtat, Leo Howard Lubow, Baltimore, Md., of counsel.

Louis J. Maione, New York City, for defendant.

## OPINION

MILTON POLLACK, District Judge.

The defendant has moved to dismiss or stay this suit pursuant to Rule 12, generally, and Rules 12(b)(7), 19(b) and 19(c) of the Federal Rules of Civil Procedure, respectively, on the grounds that there is a prior pending action in the Maryland state court and that plaintiffs have failed to join necessary and indispensable parties to this action. For the reasons shown hereafter the motions must be denied.

In sum, the charge here is that the plaintiffs placed trust funds on deposit with the defendant for custody and investment which in April 1975 the defendant was instructed and obligated to invest and to keep them invested in United States Treasury Bills. The defendant complied initially with their instructions by investing the funds, about $152,600, but in six-month Treasury Bills having a maturity date of August 7, 1975 and neglected and failed to roll-over the funds thereafter into like bills or bills for longer periods, and the plaintiff's funds remained uninvested and interest thereon was lost until plaintiff's discovery of the defendant's breach some time either late in 1979 or early 1980.

Plaintiffs' funds were without their knowledge continuously held by defendant uninvested after the initial investment and without interest earned thereon for a period of four or more years.

This suit seeks recovery of the lost interest amounting to more than $50,000. The complaint does not indicate what defendant did with the funds after the first placement thereof in six-month Treasury Bills.

In more detail, plaintiffs are two Trustees of an Employees' Profit Sharing Plan

created by the Fradkin Brothers Furniture Village, Inc. ("Fradkin" hereafter) for the exclusive benefit of its employees. Under the Plan, Fradkin makes annual contributions to the fund; the assets of the fund are invested; and they are periodically distributed to eligible employees upon termination or retirement from the company.

Bradford Trust Company, the defendant, is a limited purpose Trust Company organized as a New York corporation with its principal place of business in New York City. Bradford provides custodial and investment services in connection with customers' accounts. Bradford opened a so-called Management Account for Fradkin by form letter agreement in 1973 and for two years held a portfolio of securities for the Trustees until April 10, 1975 when Bradford was instructed in writing by the Trustees that the securities were to be sold and Bradford was to receive all of the cash from the sale of the portfolio of securities "and to purchase United States Government Treasury Bills" therewith. Bradford was further instructed again in writing that "all available cash is to be invested in Treasury Bills only. Under no circumstances are any of these funds to be invested in any other type of investment."

Bradford received the cash from the liquidation of the portfolio belonging to the Trustees and did invest the cash in Treasury Bills but only those with a maturity date of August 7, 1975. When the Bills became payable, Bradford received the cash proceeds but did nothing further with those proceeds. Bradford, according to the complaint, failed to notify the Trustees that the funds were not thereafter placed in Treasury Bills as they had been directed to do.

Bradford now seeks to move this controversy to the Maryland courts either through a stay or dismissal of this suit, for the reasons which follow.

Before commencing this suit, the plaintiffs filed a state court action on March 7, 1980 in Maryland against Morris and Joseph Shor and Shor & Shor Chartered, for failure to provide necessary and ordinary accounting services which they were employed to do for the Trustees and failure to monitor the continued investment of the funds of the Trustees. Apparently Morris Shor was also a Trustee of the Profit Sharing Plan from August 2, 1973 until October 16, 1979. Plaintiffs asserted common law claims in that suit. On January 7, 1981, plaintiffs filed an amended declaration adding Bradford Trust as a defendant and asserting their breach of contract and negligence.

The instant action against Bradford was filed in this Court on January 29, 1981. Thereafter on or about February 13, 1981 plaintiffs also sued the Shors in the United States District Court, District of Maryland, alleging violations by them of the Employee Retirement Income Security Act, (ERISA), 29 U.S.C. § 1001, *et seq.* On or about March 13, 1981 the Shors filed a Third-Party claim against Bradford in the Maryland Federal District Court (they have not responded thereto as yet).

It is the contention of Bradford herein that there is a prior pending action in the Maryland state court in which the Trustees named Bradford as a defendant. Bradford further contends that the Shors are necessary and indispensable parties to this suit and are missing herefrom and cannot be brought before this Court involuntarily.

### 1. Pendency of the Prior State Court Action.

The defendant is not entitled either to a stay or a dismissal of this suit on the ground of a prior pending assertion of claim in the Maryland state court against the defendant.

The pendency of plaintiffs' Maryland state court action against the Shors and Bradford Trust (by amendment) presents no bar to plaintiffs' instant action against Bradford in this District. "[A]s between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . .'" *Colorado River Water Conserv. Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d

483 (1976), *quoting McClellan v. Carland,* 217 U.S. 268, 282, 30 S.Ct. 501, 504, 54 L.Ed. 762 (1910). *See also Donovan v. City of Dallas,* 377 U.S. 408, 412, 84 S.Ct. 1579, 1582, 12 L.Ed.2d 409 (1964) (" 'where the judgment sought is strictly in personam, both the state court and the federal court, having concurrent jurisdiction, may proceed with the litigation at least until judgment is obtained in one of them which may be set up as res judicata in the other.' ", *quoting Princess Lida v. Thompson,* 305 U.S. 456, 466, 59 S.Ct. 275, 280, 83 L.Ed. 285 (1939)); *Friedman v. N.B.C. Motorcycle Imports, Inc.,* 452 F.2d 1215, 1217 (2d Cir. 1971) ("The existence of the state court action was not sufficient ground for failure to dispose of an issue on trial in the federal action. Both actions could go forward at the same time, with application of *res judicata* if raised in the later pending action.").

*2. There are no necessary or indispensable parties absent.*

On a motion under Rule 12(b)(7), the court initially will determine if the absentee should be joined as a party in accordance with the criteria set forth in Rule 19(a). If it decides in the affirmative, ... [and if] the absentee cannot be joined, the court must then determine, by analyzing the factors described in Rule 19(b), whether to proceed without him or to dismiss the action. Federal courts are extremely reluctant to grant motions to dismiss based on non-joinder and, in general, dismissal will be ordered only when the defect cannot be cured and serious prejudice or inefficiency will result. 7 Wright and Miller, Federal Practice and Procedure § 1609 at 83 (1972) (footnotes omitted).

*See also Provident Tradesmens Bank and Trust Co. v. Patterson,* 390 U.S. 102, 118, 88 S.Ct. 733, 742, 19 L.Ed.2d 936 (1968).

The Shors are not necessary parties for this suit.

*A. F.R.C.P. 19(a): Necessary Parties.*

Under Rule 19(a), an absentee is a "person [ ] to be joined if feasible" or a "neces-

sary party" if at least one of two elements exist:

if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the Court shall order that he be made a party.

The Shors are not indispensable parties to plaintiffs' claim herein.

*B. F.R.C.P. 19(b): Indispensable Parties.*

Rule 19(b) provides:

(b) DETERMINATION BY COURT WHENEVER JOINDER NOT FEASIBLE. If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

*Provident Tradesmens, supra,* is the leading Supreme Court case interpreting the criteria for determining indispensable parties. In *Prescription Plan Service Corp. v. Franco,* 552 F.2d 493 (2d Cir. 1977), the Second Circuit, discussing *Provident Tradesmens,* listed the factors that a Court

should consider in deciding a Rule 12(b)(7) dismissal motion:

> First, the court is to weigh the interest of the plaintiff in having a forum, with the strength of this interest dependent upon "whether a satisfactory alternative forum exists." Second, the defendant's interest in avoiding multiple litigation, inconsistent relief and sole responsibility for a liability jointly shared must be considered. Third, there is the interest of any outsider "whom it would have been desirable to join," as to which the court must evaluate whether the outsider's ability to protect his interest will be impaired or impeded by a judgment in his absence. Finally, "the interest of the courts and the public in complete, consistent, and efficient settlement of controversies" must be assessed. 552 F.2d at 497 (Citations omitted).

In addition, the Court in *Provident Tradesmens* directed district courts "to consider the possibility of shaping relief to accommodate these four interests." 390 U.S., at 111, 88 S.Ct. at 738.

■ Defendant argues that the Shors are indispensable parties (1) because defendant will look to the Shors (whether as agents of plaintiffs or merely as indemnitors) for redress should defendant be deemed at fault, and (2) because plaintiffs purportedly have an adequate forum in the Maryland state court.

With respect to defendant's first argument, plaintiffs correctly respond that it is not necessary to join the Shors as parties simply to litigate the defense that the Shors are plaintiffs' agents whose alleged negligence (and fraud) is imputable to plaintiffs. Furthermore, to the extent that defendant seeks indemnification, plaintiffs argue, it must be claiming joint and several liability for non-investment, but "parties who are jointly and severally liable are not indispensable under Rule 19." *Jones Knitting Corp. v. A. M. Pullen & Co.,* 50 F.R.D. 311,

315 (S.D.N.Y.1970) (MacMahon, J.). *See also Kerr v. Compagnie De Ultramar,* 250 F.2d 860, 863 (2d Cir. 1958) ("The complaint can be interpreted as alleging joint liability or as alleging claims in the alternative.... In either case, [the absentee] was not an indispensable party.").

With respect to defendant's second argument, plaintiffs properly contend that the Maryland state court does not present an adequate alternative forum [1] because Maryland's three-year statute of limitations would reduce Plaintiffs' possible recovery by 50% compared with a more generous period provided in New York. *See Charron v. Meaux,* 60 F.R.D. 619, 623 (S.D.N.Y.1973) (Lasker, J.) ("As to the final factor suggested by Rule 19(b), it is clear that [plaintiff] does not have an adequate remedy if the suit here is dismissed for nonjoinder. [Plaintiff's] only remedy would be to commence a new suit against [defendant] in Texas, where recovery of some if not all of the royalty payments would now be barred by the statute of limitations.")

Accordingly, the Defendant's motions are denied in all respects.

SO ORDERED.

---

1. Plaintiffs say they "have no intention of proceeding against Bradford Trust in the Maryland action. Because the Maryland action most likely is governed by a three-year statute of limitations while the instant action is governed by a six-year statute of limitations, Plaintiffs exclusively deem Counts V and VI of the Maryland action as a protective filing which will be dismissed once it is certain that this action may proceed."